18431. CHRISTY BROTHERS CIRCUS *v.* TURNAGE.

STEPHENS, J. 1. There may be a recovery of damages for mental suffering, humiliation, or embarrassment resulting from a physical injury of which they are inseparable components. The case of *Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183), and cases following it, are distinguishable.

2. Any unlawful touching of a person's body, although no actual physical hurt may ensue therefrom, yet, since it violates a personal right, constitutes a physical injury to that person. See, in this connection, Civil Code (1910), § 4423; *Goodrum* v. *State,* 60 *Ga.* 509. The unlawful touching need not be direct, but may be indirect, as by the precipitation upon the body of a person of any material substance.

3. Since the right to recover for a mental condition induced by the tortious act of another is dependent upon the existence of a physical injury, a person suffering a mental condition dependent upon an injury to the person may, in suing to recover damages for the injury, limit the damages to the mental suffering alone, and it is not essential to his right to the recovery of damages for mental suffering that the physical injury out of which the mental suffering arose was productive of any actual physical hurt or damage, or that he should seek a recovery for such actual physical hurt or damage.

4. Where a petition alleged that the plaintiff was an unmarried white lady, and that while in attendance as a guest of the defendant at a circus performance given by the defendant, and while seated in one of the seats provided by the defendant for the defendant's guests at the circus, a horse, which was going through a dancing performance immediately in front of where the plaintiff was sitting, was by the defendant's servant, who was riding upon the horse, caused to back towards the plaintiff, and while in this situation the horse evacuated his bowels into her lap, that this occurred in full view of many people, some of whom were the defendant's employees, and all of whom laughed at the occurrence, that as a result thereof the plaintiff was caused much embarrassment, mortification, and mental pain and suf-

fering, to her damage in a certain amount, that the damage alleged was due entirely to the defendant's negligence and without any fault on the part of the plaintiff, the petition set out a cause of action and was good as against a general demurrer.

5. Whether an amendment to the declaration in attachment, which alleged the plaintiff's damage in a sum larger than the damage claimed in the affidavit as the basis for the attachment, was or was not properly allowed, its allowance was harmless to the defendant since the amount recovered by the plaintiff was not greater than the amount claimed in the affidavit for attachment, and the verdict for the plaintiff is allowed to stand.

6. A charge that, under a hypothetical state of facts, an inference of negligence on the part of the defendant is authorized does not exclude the idea that a duty rests upon the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence.

7. Where the court instructed the jury that the duty rested upon the plaintiff to exercise ordinary care, it was not error, in the absence of a special request and in the absence of a plea setting up the defense, for the court to fail to instruct the jury that the duty rested upon the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence.

8. The court having properly instructed the jury as to the relative rights of the parties under the pleadings and the evidence, it was not error to fail to give in charge the definition of a tort as contained in the Civil Code (1910), § 4423.

9. The court, fairly to the defendant, submitted all the issues presented. The evidence authorized the inference that the plaintiff was damaged, by reason of humiliation and embarrassment, in the sum of $500, and the verdict found for her in that amount was authorized.

10. It does not appear that the case was brought to this court for the purpose of delay only, and therefore the motion of the defendant in error to be allowed damages for delay is denied.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1928.

*C. W. Worrill, A. L. Miller,* for plaintiff in error.
*P. D. Rich, L. B. West, H. G. Rawls,* contra.