## 67896. McKEE v. HARRIS.

DEEN, Presiding Judge.

Eddie McKee, appellant here, received severe injuries to his knee when appellee Harris intentionally drove an automobile owned by his live-in girl friend, Hazel Waldhour, into the wall of a house occupied by McKee, causing bricks to become dislodged and strike appellant. As a direct consequence McKee incurred medical expenses and loss of wages totaling approximately $10,000, and sustained a permanent 15% partial disability of the affected knee. He filed separate actions against Harris and Waldhour, alleging gross negligence against Harris and gross negligence and negligent entrustment against Waldhour.

Waldhour's insurer, Occidental Fire and Casualty Insurance Company of North Carolina (Occidental), settled with appellant for $10,000, and McKee and his wife executed a standard preprinted form releasing Waldhour and Occidental, "their heirs, executors, ad-

ministrators, successors, and assigns and any and all other persons, . . . whether herein named or referred to or not, . . . of and from any and every claim, demand, right, or cause of action of whatever kind and nature, . . . especially the liability arising from [the above-described] accident . . ." McKee then dismissed the action against Waldhour but not that against appellee Harris. Harris moved for summary judgment on the basis of the release, and the trial court granted the motion. McKee appeals, enumerating as error the trial court's judgment in favor of appellee. *Held*:

The rule in Georgia is that " 'a release executed in favor of one joint tortfeasor, in full settlement of damages, acts as a release in favor of all other joint tortfeasors.' " *Zimmerman's v. McDonough Constr. Co.*, 240 Ga. 317, 319 (240 SE2d 864) (1977). This is true *a fortiori* where, as in the instant case, the language of the release is "clear and unambiguous." *Maxey v. Hosp. Auth. of Gwinnett County*, 245 Ga. 480, 482 (265 SE2d 779) (1980). Appellant here argues, however, that Waldhour and Harris were not joint tortfeasors, and that the rule set forth in *Knight v. Lowery*, 228 Ga. 452 (185 SE2d 915) (1971), overruled in part in *Maxey*, supra, and reaffirmed in *Williams v. Physicians &c. Hosp.*, 249 Ga. 588, 592 (292 SE2d 705) (1982), should control; namely, that the release of one tortfeasor releases the others only if (a) the plaintiff has been fully compensated and (b) the parties intended that the release cover additional and/or successive tortfeasors.

The issue therefore becomes whether Waldhour, owner of the vehicle, and Harris, the driver, were joint or successive tortfeasors. "The test for determining joint tortfeasors is set forth in *Mitchell v. Gilson*, 233 Ga. 453, 454 (211 SE2d 744) (1975), . . . [in which] it was stated that 'if the separate and independent acts of negligence of two or more persons or corporations *combine naturally and directly to produce a single indivisible injury* . . . , and *if a rational basis does not exist for an apportionment of the resulting damages* among the various causes, then the actors are joint tortfeasors, jointly and severally liable for the full amount of plaintiff's damages, notwithstanding the absence of voluntary intentional concert of action.' " *Zimmerman's v. McDonough Constr. Co.*, supra at 320.

Scrutiny of the record in the instant case reveals clearly that the injury sustained by appellant was "single and indivisible," and can on no rational basis be apportioned between Waldhour and Harris. "For this reason, the rule of releasing joint tortfeasors applies, and the trial court's grant of the appellee['s] motion . . . for summary judgment based upon the release was not error." *Id.*

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1984 —
REHEARING DENIED MARCH 1, 1984.

*Clarence L. Martin*, for appellant.
*Timothy F. Callaway III, Richard A. Rominger, Cletus W. Bergen II, Dana F. Braun*, for appellee.