## 71496. JOHNSTON v. RUPPERT.
(341 SE2d 293)

SOGNIER, Judge.

Fred Johnston, Jr. brought suit against Philip Ruppert for alleged wrongful acts arising out of legal services performed by Ruppert. The trial court granted summary judgment to Ruppert and Johnston appeals.

Appellee negotiated a settlement agreement with Georgia Power Company in relation to the death of appellant's son. Appellant's signatures on the Georgia Power Company settlement agreement and draft were allegedly forged. Subsequently, appellant contacted attorney Harold Benefield about the alleged forgeries and also about child abandonment charges brought against appellant by his then ex-wife. In December 1982, appellant executed a document labelled a "release agreement," prepared by appellant's attorney, which provided that upon receipt of $3,000, "which check is accepted in full settlement and satisfaction and as partial consideration for the full and final release and discharge of all actions, third-party actions, claims and demands whatsoever that now exist, in law or in equity, or may hereafter accrue, which arise from the settlement of a certain wrongful death and breach of contract action against Georgia Power Company charging the responsibility for injuries and death to [appellant's son] . . . said settlement having been effectuated by the payment of $100,000.00 by the Georgia Power Company by its draft . . . payable to the order of [appellant, appellant's ex-wife and appellee]. As further consideration for this release agreement, [appellant] acknowledges receipt of an Affidavit made by [appellant's ex-wife] in which she acknowledges receipt by her of all child support payments [past due]. . . ."

Appellant contends the trial court erred by granting appellee's motion for summary judgment because the December 1982 document was ambiguous, and thus parol evidence, raising questions of fact as to the intention of the parties, should have been admitted. We agree with appellant. Appellee is not specifically released in the document and his name is mentioned only as one to whom the Georgia Power Company settlement draft was made payable. Although the document recites that the release was made in partial consideration of a check for $3,000, the document does not reference any particular $3,000 check. The trial court necessarily admitted parol evidence when it determined that the $3,000 check acknowledged in the document was that check signed by appellee and made payable to appellant and Benefield. However, even with the proper admission of parol evidence to clarify the omission in the release document as to which check was referenced therein, the ambiguity still exists as to the identity of the party or parties intended to be released by the document. The docu-

ment only released "actions, third-party actions, claims and demands"; it did not release individuals or legal entities. Thus, anyone seeking to assert the December 1982 document as a defense against suit qualifies as a "non-party to a general release [who] claims coverage thereunder, [and thus] parol evidence is admissible as an aid in explaining the intention of the parties to the release." *Williams v. Physicians &c. Hosp.*, 249 Ga. 588, 590 (292 SE2d 705) (1982). This is in accord with the principle enunciated in *Williams*, supra at 589, that " 'a plaintiff should never be compelled to surrender his cause of action against any wrongdoer unless he has intentionally done so, or unless he has received such full compensation that he is no longer entitled to maintain it.' Prosser, Law of Torts 304 (4th ed. 1971)."

An examination of the record reveals that questions of fact exist whether the December 1982 document was intended to release appellee. Therefore, the trial court erred by granting summary judgment in favor of appellee.

*Judgment reversed. Birdsong, P. J., and Carley J., concur.*

DECIDED FEBRUARY 10, 1986 —
REHEARING DENIED FEBRUARY 20, 1986 —

*James A. Eidson, Warner R. Wilson, Jr.*, for appellant.
*T. Ryan Mock, Jr., A. Timothy Jones*, for appellee.