73116, 73117. POSEY et al. v. MEDICAL CENTER-WEST, INC.; and vice versa.
(350 SE2d 259)

SOGNIER, Judge.

William Posey and Arlette Posey, individually and as administratrix of the Estate of Shannon Posey, brought this medical malpractice action against Medical Center-West, Inc., d/b/a Parkway Regional Hospital, Parkway Surgery Associates, P.C., and two physicians. The Poseys appeal from the trial court's grant of summary judgment in favor of all defendants.

Appellants' child was struck by a car driven by a third party and died two and one-half hours later subsequent to treatment by the two appellee physicians at appellee hospital's facility. It is uncontroverted that in the absence of proper medical treatment, death would have resulted from the injuries sustained by appellants' child in the car accident. Six months after the accident, appellants were paid $10,000, representing the policy limits of the insurance policy covering the third-party driver's automobile, and executed a preprinted release

form provided by the third-party driver's insurance company. The release provides that for the sole consideration of $10,000, "the undersigned [appellants] hereby releases and forever discharges [the third-party driver and her insurance company], her heirs, executors, administrators, agents and assigns, and all other persons, firms, or corporations liable or who might be claimed to be liable, . . . from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from [the subject accident]. Undersigned hereby declares that the terms of this settlement . . . are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident." The trial court granted summary judgment in appellees' favor based on the foregoing release.

1. Appellants contend the trial court erred by granting summary judgment in favor of appellees on appellants' claim that their child died because appellees failed to intervene to prevent the injuries, inflicted on the child as a result of the car accident, from causing the child's death. We note that appellants do not contend appellees inflicted injuries separate and independent of the accident injuries but instead assert appellees' negligence consisted of the omission of actions which allegedly would have prevented the automobile-inflicted injuries from resulting in death. Appellants' enumeration is based on their contention that the trial court incorrectly ruled that appellees were covered under the general release executed by appellants.

Appellants first argue that the trial court's ruling was erroneous because it was based on an incorrect characterization of appellees as joint tortfeasors, rather than successive tortfeasors, as contended by appellants. The Supreme Court in *Mitchell v. Gilson*, 233 Ga. 453, 454 (211 SE2d 744) (1975), stated that " '[i]f the separate and independent acts of negligence of two or more persons or corporations combine naturally and directly to produce a single indivisible injury other than a nuisance, and if a rational basis does not exist for an apportionment of the resulting damages among the various causes, then the actors are joint tortfeasors, jointly and severally liable for the full amount of plaintiff's damages, notwithstanding the absence of voluntary intentional concert of action among them.' " The Supreme Court, in deciding *Mitchell*, supra, adopted and affirmed this court's opinion in *Gilson v. Mitchell*, 131 Ga. App. 321 (205 SE2d 421) (1974), wherein it was explained that in determining whether or not tortfeasors are joint tortfeasors, " '[t]he correct procedure is to look

first to the time of the commission of the acts. If there was concert of action, then there is no need to go further to establish entire liability. But if there was no concert, the next step should be to look to the combined effect of the several acts. If the acts result in separate and distinct injuries, then each wrongdoer is liable only for the damage caused by his acts. However, if the combined result is a single and indivisible injury, the liability should be entire. Thus, *the true distinction to be made is between injuries which are divisible and those which are indivisible.*' [Cit.] '. . . The question is whether, upon the facts, it is possible to say that each defendant is responsible for a separate portion of the loss sustained. The distinction is one between injuries which are capable of being divided, and injuries which are not. If two defendants, struggling for a single gun, succeed in shooting the plaintiff, there is no reasonable basis for dividing the injury, and the tort is joint. If they shoot him independently, with separate guns, and he dies, the tort is still joint, *for death cannot be apportioned.* [Emphasis supplied.] If they merely inflict separate wounds, and he survives, a basis for division exists, no matter how difficult the proof may be, and the torts are several.' [Cit.]" Id. at 325.

Where the alleged negligent acts of two or more tortfeasors result in a single and indivisible injury, *such as death,* the alleged tortfeasors may be sued jointly. Id.; *Sims v. Bryan,* 140 Ga. App. 69, 72 (3) (230 SE2d 39) (1976); *Parks v. Palmer,* 151 Ga. App. 468, 471 (2) (260 SE2d 493) (1979). Thus, under the facts in this case, appellees are joint tortfeasors. See *McKee v. Harris,* 170 Ga. App. 58 (316 SE2d 14) (1984). "It is a well established rule in this state that 'a release executed in favor of one joint tortfeasor, in full settlement of damages, acts as a release in favor of all other joint tortfeasors.' [Cits.]" *Zimmerman's, Inc. v. McDonough &c. Co.,* 240 Ga. 317, 319-320 (1) (240 SE2d 864) (1977). The trial court did not err by determining that appellees were joint tortfeasors entitled to claim coverage under the general release signed by appellants. *McKee,* supra.

Appellants further argue that they should have been allowed to introduce parol evidence to show it was not their intention to release appellees when they executed the general release. "The law is clear that '[w]here one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defeat an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from read-

ing it. [Cits.]' [Cits.]" *Conklin v. Liberty Mut. Ins. Co.*, 240 Ga. 58, 59-60 (239 SE2d 381) (1977). "In short, the general rule remains that a release releases." *Roberson v. Henderson Chem. Co.*, 171 Ga. App. 722, 724 (320 SE2d 835) (1984). The record does not disclose any artifice, trick or actual fraud perpetrated upon appellants that would void the release, see *Conklin*, supra, see also Division 2, infra, nor is this an instance where parol evidence would be admissible to demonstrate that both parties to a release were honestly mistaken as to the legal effect of the instrument, thus requiring an application of OCGA § 23-2-22. See *Edenfield v. Rogers*, 174 Ga. App. 37 (329 SE2d 183) (1985), vacated and remanded on other grounds, see 176 Ga. App. 699 (338 SE2d 72) (1985); compare *Roberson*, supra. We note that appellants do not assert that the document they signed was anything other than a release. Compare *Fulghum v. Kelly*, 255 Ga. 652 (340 SE2d 589) (1986).

*Williams v. Physicians &c. Hosp.*, 249 Ga. 588 (292 SE2d 705) (1982), in which the Supreme Court held "where a non-party to a general release claims coverage thereunder, parol evidence is admissible as an aid in explaining the intention of the parties to the release," id. at 590, is not applicable here. *Williams* addressed the admissibility of parol evidence in regard to non-party *successive* tortfeasors claiming coverage under a general release. The Supreme Court found itself in "full accord" with the rule established in *Knight v. Lowery*, 228 Ga. 452 (185 SE2d 915) (1971), that release of one tortfeasor releases a successive tortfeasor only if the parties to the release intended to release both tortfeasors, but noted that the court in *Knight*, supra, "carefully distinguished this situation from one involving joint tortfeasors. *In the latter case, the rule in Georgia is that release of one joint tortfeasor releases the others as well.* [Cit.] As in *Lowery*, the present case involves successive, not joint tortfeasors." (Emphasis supplied.) Id. at 589, n. 1.

It is argued that the rationale for the language in *Williams* should apply to allow the admission of parol evidence in regard to general releases involving joint tortfeasors as well as successive tortfeasors. In support of this argument, appellants cite *Brown v. Moseley*, 175 Ga. App. 282 (333 SE2d 162) (1985). That case, however, is distinguishable in that the release executed there was in regard to a separate and distinct injury (failure to properly submit insurance application) from that sued upon by the plaintiff (injuries resulting from truck-automobile collision). Thus, the language appellants direct our attention to in *Brown* to the effect that "[t]he fact that one is not a party to the agreement is an important element, not whether one's status is as a joint or successive or entirely separate tortfeasor," id. at 284 (2), is dicta and, under the facts in *Williams*, questionable. Likewise, our recent decision in *Johnston v. Ruppert*,

177 Ga. App. 883 (341 SE2d 293) (1986), which also relies on *Williams*, does not support appellants' argument in that it is clearly distinguishable on the basis of virtually unique facts involving allegations of fraud by the attorney-appellee separate and distinct from the injury which was the basis of the release, as well as by the language of the document executed there which failed to identify *any* person or legal entity as being "released."

Thus, neither *Williams* nor any of the cases cited by appellants support the argument that Georgia law, extending back to 1897 (see *Donaldson v. Carmichael*, 102 Ga. 40 (29 SE 135)), has been rewritten to hold that the release of one joint tortfeasor does *not* act as a release in favor of all other named or unnamed joint tortfeasors. Absent an unequivocal statement by the Supreme Court to that effect, this court will not deem the holding in *Williams* to have overruled or modified the line of cases following *Donaldson*, supra, by extending the rule in *Williams* to apply to joint tortfeasors as well as successive tortfeasors. We, therefore, affirm the trial court's grant of summary judgment in favor of appellees.

2. Assuming, arguendo, that appellants properly raised below their contention that a question of fact exists whether the release is void because it was obtained by fraudulent misrepresentation, we do not agree with appellants that statements made by appellee physicians to appellants on the day of the accident to the effect that they did everything they could to save the child, if they had to do it over again they would handle it the same way, and that all proper steps had been taken, constitute the basis for a claim of fraud so as to void the release. See generally *Charter Medical &c. Co. v. Ware Manor*, 159 Ga. App. 378, 380 (2), 382 (5) (283 SE2d 330) (1981); *U-Haul Co. v. Dillard Paper Co.*, 169 Ga. App. 280, 281-282 (312 SE2d 618) (1983); *Daniel v. Conrad*, 242 Ga. 119, 120 (249 SE2d 603) (1978).

3. Having held in Division 1 that the trial court did not err by granting motions for summary judgment as to all appellees in the case based upon the general release signed by appellants, we find it unnecessary to address appellants' remaining enumeration concerning the alleged physical and mental injuries they incurred as a result of observing appellees' purported negligent treatment and diagnosis of their daughter. The hospital's cross-appeal in Case No. 73117, asserting other grounds to sustain the trial court's grant of summary judgment to appellees, is rendered moot by our holding in Division 1 and that cross-appeal is accordingly dismissed.

*Judgment affirmed in Case No. 73116. Appeal dismissed in Case No. 73117. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 9, 1986 —
REHEARING DENIED OCTOBER 27, 1986 ▮▮▮▮▮▮▮

*W. Pitts Carr, J. Renee Kastanakis*, for appellants.
*Judson Graves, Benny C. Priest, Robert G. Tanner, Samuel P. Pierce*, for appellee.