73116, 73117. POSEY et al. v. MEDICAL CENTER-WEST, INC.; and vice versa.
(361 SE2d 505)

SOGNIER, Judge.

In *Posey v. Medical Center-West, Inc.*, 257 Ga. 55 (354 SE2d 417) (1987), the Supreme Court reversed the judgment of this court affirming the trial court's grant of summary judgment in favor of Medical Center-West, Inc., d/b/a Parkway Regional Hospital, Parkway Surgery Associates, P. C. and two physicians in Case No. 73116. *Posey v. Medical Center-West, Inc.*, 180 Ga. App. 674 (350 SE2d 259) (1986). Accordingly, our judgment in that case is vacated, the judgment of the Supreme Court is made the judgment of this court, and the trial court's order in Case No. 73116 as to the issue addressed in 257 Ga. 55 is reversed. However, there remains for resolution in this court the second enumeration of error made by the Poseys in Case No. 73116, as well as the cross-appeal by Medical Center-West in Case No. 73117.

In the remaining enumeration of error in Case No. 73116, the Poseys contend the trial court erred by dismissing Count V of their complaint. In Count V the Poseys sought recovery in damages for the mental distress they suffered and the emotional and physical injury incurred thereby as a result of the negligent treatment and diagnosis

of their daughter. In Georgia it is well established that "[a]s a general precept, damages for mental distress are not recoverable in the absence of physical injury where the claim is premised upon ordinary negligence. [Cit.]" *Hamilton v. Powell, Goldstein, Frazer &c.*, 252 Ga. 149, 150 (311 SE2d 818) (1984). The Poseys do not allege that the physical injury they suffered was the result of any direct physical contact; rather, the physical injury stems from the mental distress they suffered. In the absence of any allegation of gross negligence or wilful and wanton conduct, however, such damages are not recoverable. See *Clack v. Thomason*, 57 Ga. App. 253, 254 (2) (195 SE 218) (1938); see also *Strickland v. Hodges*, 134 Ga. App. 909, 912 (216 SE2d 706) (1975). Further, in *Strickland*, supra, this court held that there is no independent right of action available to parents who are not present at an incident in which serious injuries are inflicted upon their child, thereby disallowing recovery by the parents for emotional distress and mental suffering which results from the parents learning of such injuries and seeing the injured child following the incident. Although the Poseys were present at the medical facilities where their daughter was being treated in an alleged negligent manner, as noted in *Posey*, 180 Ga. App. at 675 (1), the Poseys "do not contend appellees inflicted injuries separate and independent of the accident injuries but instead assert appellees' negligence consisted of the *omission* of actions which allegedly would have prevented the automobile-inflicted injuries from resulting in death." (Emphasis supplied.) It being impossible for the Poseys here to have been present at the omission of an act, under *Strickland*, supra, the Poseys cannot recover the damages sought in Count V of their complaint. We note that the California cases cited by the Poseys as the sole support for their argument were discussed by Judge Clark in *Strickland*, along with numerous other foreign authorities and learned treatises, in arriving at the decision not to impose liability in absentee parent situations such as we have here. Accordingly, we hold that the trial court did not err by dismissing Count V of the Poseys' complaint in Case No. 73116.

In Case No. 73117, Medical Center-West cross-appeals from the trial court's denial of its motion for summary judgment made on the ground that any alleged negligence on the part of the physicians who treated the Poseys' child in Medical Center-West's emergency room could not be imputed to it on the basis of respondeat superior. In *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893 (354 SE2d 632) (1987), this court held that where, as here, an emergency room was being operated under the hospital's own name, as an integral part of its services, "[a] member of the general public might reasonably have assumed under such circumstances that the physicians on duty there were acting under the hospital's aegis and on its behalf, i.e., that they were 'hospital doctors.' Such appearances speak much louder than the

words of whatever private contractual arrangements the physicians and the hospital may have entered into, unbeknownst to the public, in an attempt to insulate the hospital from liability for the negligence, if any, of the physicians. [Cits.]" Id. at 898 (3).

Applying the doctrine of apparent agency in *Brown* to the facts in the case sub judice, we find the trial court did not err by denying the motion for summary judgment made by Medical Center-West. Accordingly, the trial court's order in Case No. 73117 is affirmed.

*Judgment affirmed in Case No. 73117. Judgment affirmed in part and reversed in part in Case No. 73116. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 9, 1987 —
REHEARING DENIED OCTOBER 1, 1987 — 

*W. Pitts Carr, J. Renee Kastanakis*, for appellants.
*Judson Graves, Benny C. Priest, Robert G. Tanner, Samuel P. Pierce*, for appellee.