A89A0299. LITTLETON et al. v. OB-GYN ASSOCIATES OF ALBANY, P.C. et al.
(385 SE2d 743)

CARLEY, Chief Judge.

After the death of their new-born daughter, appellant-plaintiffs brought a four-count complaint against appellee-defendants. Among those counts was a claim by appellant Mrs. Littleton for mental suffering and emotional distress. After answering the complaint and following discovery, appellees OB-GYN Associates of Albany, P.C. and Dr. John S. Inman moved for partial summary judgment as to appellant Mrs. Littleton's claim for mental suffering and emotional distress. The trial court granted the motion and appellants appeal from that order.

The cause of action asserted by appellant Mrs. Littleton to recover damages for her mental suffering and emotional distress has been recognized by the Supreme Court in the case of *Smith v. Overby,* 30 Ga. 241 (1860). The viability of that cause of action is unaffected by the subsequent passage of Georgia's wrongful death statute. There is no authority for the proposition that the wrongful death statute supplanted, rather than supplemented, the existing law in this connection. To the contrary, the wrongful death statute *was* enacted for the very purpose of supplementing rather than supplanting existing law. The wrongful death statute "adopted and *extended* Lord Campbell's act and its successors, and establish liability for wrongful death, *where none existed before*; they are familiar examples of the legislative creation of *new rights and duties* for the prevention of homicides or for satisfying social and economic needs. . . ." (Emphasis supplied.) *Western & Atlantic R. Co. v. Michael,* 175 Ga. 1, 13 (165 SE 37) (1932).

*Bell v. Sigal,* 129 Ga. App. 249 (199 SE2d 355) (1973) is not au-

thority for the proposition that appellant Mrs. Littleton should not be allowed to recover for her mental grief and anguish caused by the death of the child subsequent to the enactment of the wrongful death statute. *Bell v. Sigal*, supra, is distinguishable from the instant case. In *Bell*, the court emphasized that the plaintiff sought to recover "twice from the same defendant merely by denominating one action a tort and the other a breach of contract." *Bell v. Sigal*, supra at 249. In the instant case, there is one suit, sounding exclusively in tort, and there is no possibility of a double recovery. Also, and significantly, unlike *Bell*, the evidence in this case would clearly support a finding that the "impact rule" has been satisfied. *Christy Bros. Circus v. Turnage*, 38 Ga. App. 581 (144 SE 680) (1928).

The trial court erred in granting summary judgment as to appellant Mrs. Littleton's separate claim for injuries sustained by her, including her mental suffering and emotional distress. Accordingly, the trial court's grant of partial summary judgment in favor of appellees is reversed.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur for the reason that the mother's complaint in Count 4 states a cause of action separate from the others asserted. It is separate from the statutory wrongful death action for the full value of the life of the child, in which the parents are the surrogates of the child whose life was lost and who herself would be entitled to recover for the tort but cannot herself benefit from the compensation due from the tortfeasor (OCGA §§ 51-4-4; 51-4-1; 19-7-1). It is separate from the surviving parents' action for loss of services to themselves (they do not claim the proceeds of her labor) (OCGA § 19-7-1) and for her medical and funeral expenses which they as parents were obligated to pay. It is separate from the breach of contract claim which is based on failure of consideration.

In Count 4 Linda Littleton alleges a tort against herself. In shorthand it is known as medical malpractice. She was the initial patient of the specialist in obstetrics and gynecology. Along the way the child became a patient too. The doctor owed a professional duty of care to her and not only to the child. It is alleged that the doctor violated that duty by, among other things, mismanagement of her labor, injecting her with pitocin, not performing a caesarean section surgical delivery on her, and subjecting her instead to vaginal delivery.

The breach of duty to her, combined with the breach of duty to the child, proximately caused injury to her, she claims. The most prominent injury is the mental suffering and emotional distress which she has sustained. She also incurred pecuniary loss relating to herself

alone for the Valium injection given after her trip to the nursery. Georgia long ago recognized that a mother could recover for mental pain and suffering (nervous shock, fright) related to injury to her child when she herself is also a physical victim of the tort. *Southern R. Co. v. Jackson*, 146 Ga. 243 (91 SE 28) (1916). That element of physical harm, or at least physical impact, was found wanting in *Strickland v. Hodges*, 134 Ga. App. 909 (216 SE2d 706) (1975) but is present here. The same is true of *Posey v. Med. Center-West*, 184 Ga. App. 404 (361 SE2d 505) (1987), which is distinguished from Linda Littleton's case because allegedly negligent medical treatment was physically imposed upon her as well as on the child.

"When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." OCGA § 51-1-6. "Damages are given as compensation for injury; generally, such compensation is the measure of damages where an injury is of a character capable of being estimated in money. If an injury is small or the mitigating circumstances are strong, nominal damages only are given." OCGA § 51-12-4.

There are two patients here. For the one who died, compensation for the losing of the rest of her life will be compensable under the wrongful death statute if medical malpractice as to her is proved by the parties who have the derivative right to bring the action. For the one who survived, damages for the injuries unique to her as a patient are compensable, and this would include the mental pain and suffering resulting from the unsuccessful delivery. "Where there is a physical injury or pecuniary loss, compensatory damages include recovery for accompanying 'mental pain and suffering' even though the tortious conduct complained of is merely negligent." *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543 (216 SE2d 776) (1975). Georgia allows recovery for such injuries in medical malpractice cases. See *Fulton DeKalb Hosp. Auth. v. Graves*, 252 Ga. 441, 443 (2) (314 SE2d 653) (1984); *Norton v. Hamilton*, 92 Ga. App. 727, 732 (89 SE2d 809) (1955). There is no reason to preclude plaintiff from proving her case in these circumstances.

There is evidence in the record of every element of medical malpractice under OCGA § 51-1-27. As explained in *Hawkins v. Greenberg*, 166 Ga. App. 574, 575 (1a) (304 SE2d 922) (1983): "there are three essential elements imposing liability upon which recovery is bottomed: (1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." In *Bell v. Sigal*, 129 Ga. App. 249 (199 SE2d 355) (1973), the plaintiff was not a person upon whom the alleged tort was

committed. The professional duty perceived was that owed to the young boy as the patient, and the breach was improper emergency treatment to him.

*Porter v. Lassiter*, 91 Ga. App. 712 (87 SE2d 100) (1955), does not involve the cause of action here at issue. It relates to the wrongful death claim made by a mother for her child, which was born dead at 4-½ months from conception, the premature birth and the death allegedly caused by an auto collision three months earlier. It was held that such a child was sufficiently in being to be recognized for wrongful death purposes. The quotation from this case in the majority opinion relates to recovery by the parent as a parent for a homicide of a child. It does not address any cause of action which the woman might have had as a patient; such was not in issue.

The wrongful death and survival statutes, which relate to physical injuries inflicted on a party other than the one in whom is created a cause of action, did not extinguish the right of action which a mother has in her own right for injury she suffered as a result of negligence in childbirth. That includes mental suffering, if it is an actual injury sustained. *Smith v. Overby*, 30 Ga. 241 (1860).

DECIDED JULY 28, 1989 —
REHEARING DENIED AUGUST 14, 1989 — 

*William S. Stone*, for appellants.

*Watson, Spence, Lowe & Chambless, G. Stuart Watson, Dawn G. Benson, Perry, Walters & Lippett, C. Richard Langley*, for appellees.