A89A0299. LITTLETON et al. v. OB-GYN ASSOCIATES OF ALBANY, P.C.
(391 SE2d 806)

Carley, Chief Judge.

After the death of their new-born daughter, appellant-plaintiffs brought a four-count complaint against appellee-defendants. Included among those counts was a separate claim by appellant Mrs. Littleton for her mental and emotional distress. Appellees answered and, after discovery, moved for partial summary judgment as to appellant Mrs. Littleton's claim for mental and emotional distress. The trial court granted partial summary judgment in favor of appellees and that order was appealed to this court.

In *Littleton v. OB-GYN Assoc. of Albany*, 192 Ga. App. 634 (385 SE2d 743) (1989), we reversed, holding that appellant Mrs. Littleton had a right under existing law to pursue her own separate claim for mental and emotional distress, which right was totally unaffected by the fact that such damages are not recoverable in the context of a wrongful death action. "There is no authority for the proposition that the wrongful death statute supplanted, rather than supplemented, the existing law in this connection." *Littleton v. OB-GYN Assoc. of Albany*, 192 Ga. App. at 634. Because "the evidence in this case would clearly support a finding that the 'impact rule' [had] been satisfied [under] *Christy Bros. Circus v. Turnage*, 38 Ga. App. 581 (144 SE 680) (1928) [, we held that] [t]he trial court erred in granting summary judgment as to appellant Mrs. Littleton's separate claim for injuries sustained by her, including her mental suffering and emotional distress." *Littleton v. OB-GYN Assoc. of Albany*, 192 Ga. App. at 635.

The Supreme Court granted appellees' application for a writ of certiorari and reversed and remanded. *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989). The remittitur filed in this court directs that we take "such further action . . . as may be necessary to give effect to the opinion filed in this case." Accordingly, we hereby proceed to follow that direction and take that "further action."

The ultimate conclusion reached by the Supreme Court in Division 1 of its opinion is that there can be no recovery for mental suffering and emotional distress in a wrongful death action. However, noth-

ing in our opinion had held or implied otherwise. Our holding was merely that the nonrecoverability of such damages in the context of a wrongful death action did not otherwise bar appellant Mrs. Littleton from pursuit of her own entirely *separate* claim for those damages. So, in this regard, the Supreme Court's reversal has no relevant bearing whatsoever on our original holding that there is no merit in appellees' contention that the wrongful death statute is a bar to appellant Mrs. Littleton's separate claim for mental suffering and emotional distress and we adhere to that holding. Insofar as the trial court granted partial summary judgment in favor of appellees on this ground, it erred.

What the Supreme Court did that does bear upon our original holding is that, in Division 2 of its opinion, it undertook to "clarify" the impact rule by overruling the decision in *Christy Bros. Circus v. Turnage*, supra, upon which we had relied as authority supporting appellant Mrs. Littleton's right to seek recovery for her mental suffering and emotional distress. As now "clarified" by the Supreme Court, "the impact which will support a claim for damages for emotional distress must result in a physical injury." *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. at 666 (2A). Having thus "clarified" the impact rule, the Supreme Court then held: "The order granting the motion for partial summary judgment in regard to Mrs. Littleton's claim for damages for emotional distress . . . contains no findings of fact. We are therefore uncertain as to whether the trial judge considered the presence or absence of material facts which would show an injury to Mrs. Littleton, as distinguished from injury to the infant. The presence of such injury could support a claim for emotional distress under Georgia law. We therefore remand this case for a hearing in the trial court to determine whether Mrs. Littleton suffered a physical injury as a result of negligence of defendants." *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. at 668 (2C).

Despite the Supreme Court's reference to the absence of "findings of fact" and to the trial court's conduction of a hearing to "determine" whether appellant Mrs. Littleton suffered a physical injury, we are nevertheless compelled to note that this appeal involves summary judgment, not a bench trial. Thus, the holding of the Supreme Court is presumably that the grant of partial summary judgment in favor of appellees should be reversed as we originally held, but that the trial court should now construe the evidence of record most favorably for appellant Mrs. Littleton so as to determine whether appellees met their burden of showing that, under the newly "clarified" impact rule, no genuine issue of material fact remains as to the absence of an actionable physical injury to her as opposed to a mere touching of her person. Accordingly, our original judgment of reversal is hereby vacated and the Supreme Court's judgment reversing and remanding

this case for the trial court to make a new ruling on appellees' motion for summary judgment is now made the judgment of this court.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1990.

*William S. Stone*, for appellants.

*Watson, Spence, Lowe & Chambless, G. Stuart Watson, Dawn G. Benson, Perry, Walters & Lippett, C. Richard Langley*, for appellees.