A97A0542. OWENS v. GATEWAY MANAGEMENT COMPANY et al.
(490 SE2d 501)

POPE, Presiding Judge.

Plaintiff Owens leased an apartment in a complex from defendant Gateway Management Company, Inc. At all times relevant, Gateway served as the managing agent for the complex's owner, defendant 2929 Panthersville Associates, which is a Georgia limited partnership. After two unknown gunmen kicked down the front door to the apartment and held plaintiff captive for fifteen minutes, plaintiff brought a personal injury suit against Gateway and Panthersville claiming they were liable to her due to their negligence in failing to maintain adequate security at the complex.[1] She appeals from the

---

[1] Plaintiff also sued four individuals alleged to be Panthersville's general partners. She

trial court's grant of summary judgment to Gateway and Panthersville. Concluding that Gateway and Panthersville were entitled to summary judgment, we affirm.

A review of the record in this case demonstrates that the damages plaintiff seeks to recover from Gateway and Panthersville in her personal injury suit are all based on the alleged emotional distress plaintiff claims she suffered following her confrontation with the gunmen. In Georgia, however, it is well established that where a claim is premised on ordinary negligence, as is the case here, in order to recover emotional distress damages a plaintiff must generally show that he or she suffered actual physical injury resulting from some impact. *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992); *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 665-666 (386 SE2d 146) (1989); *Posey v. Medical Center-West*, 184 Ga. App. 404, 405 (361 SE2d 505) (1987). In this case, plaintiff cannot make such a showing because it is undisputed that the gunmen never touched her in any fashion during their confrontation. And contrary to plaintiff's contention, the pecuniary loss rule is not applicable under the facts of this case because the only pecuniary loss plaintiff complains of on appeal is that incurred due to medical bills and lost time from work she allegedly incurred because of emotional distress following the incident in question. As such, we conclude that that pecuniary loss is not of the same type as that referred to in *OB-GYN Assoc. of Albany* because it is itself a form of emotional distress damage as opposed to pecuniary loss occurring "as [the] result of a tort involving an injury to the person even though this injury may not be physical [such as an injury to reputation]." 259 Ga. at 667 (2) (B). To hold otherwise would be to allow bootstrapping of an extreme nature.

In the absence of any alleged damage to plaintiff resulting from her encounter with the gunmen other than alleged emotional distress damage, based on the above, we conclude that the trial court properly granted summary judgment to Gateway and Panthersville as to plaintiff's personal injury claim against them.

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I fully concur with the majority's conclusion. This Court is constrained to follow our Supreme Court's rulings which require the majority's holding. I specially concur, however, as I can see no logical basis to follow the impact rule under the facts of this case. There is a conflict between the present application of the physical impact rule

---

later stipulated, however, to their summary dismissal from the suit, and they are not party to this appeal.

which limits recovery on the one hand, and the law which permits recovery, on the other hand, by the victim for intentional criminal acts when applied to cases involving a landlord's liability for negligently failing to prevent the criminal act. Our Supreme Court's holdings do not currently provide for an exception to the physical impact rule; however, such exception could easily be adopted without harming the basic purpose of the rule.

Under the present application of the physical impact rule, the plaintiff herein is barred from recovering from the defendants (landlord) by the fact that there was no physical impact or injury resulting to her from the criminal act, notwithstanding that she could recover from the perpetrators. See *Carroll v. Rock*, 220 Ga. App. 260, 262 (469 SE2d 391) (1996) (recovery for negligent infliction of emotional distress allowed only where there has been some impact on plaintiff that results in physical injury; for recovery for intentional infliction of emotional distress no impact is required but defendant's conduct must be outrageous or egregious).

A landlord's liability to its tenants for the independent criminal acts of third parties is based upon its failure to prevent such conduct, without regard to the nature of the crime committed, as long as the criminal act is actionable in tort. An exception to the physical impact or injury rule should exist as to those cases wherein the criminal's conduct is otherwise actionable by the victim against the criminal. It is simply illogical to permit a landlord to escape liability to a tenant for some independent criminal acts by a third party based solely on the impact rule, but not for others, i.e., for criminal assault, when the victim could recover from either such criminal and the landlord is equally guilty of failing to prevent either crime.

In the present case, it is undisputed that the plaintiff suffered at the hands of two armed criminals that viciously broke into her apartment. She is not claiming emotional injuries resulting from the anguish caused when a loved one is harmed, as in the cases cited by the majority. The criminals' actions in the present case would support a cause of action against the landlord if the criminals had pushed the plaintiff, or harmed her in any physical way, during the time they were present in her apartment. See *Cooperwood v. Auld*, 175 Ga. App. 694, 695 (334 SE2d 22) (1985) (court reversed grant of summary judgment to landlord where plaintiff raped in apartment and issues of fact remained as to whether landlord had assumed duty to provide security).

None of the cases relied upon by the majority involve a similar factual situation, and the exception to the impact rule endorsed herein would not change the result in such cases. In *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992), the plaintiffs sought to recover damages for the defendants' alleged conduct in damaging

part of a private burial ground in which some of the plaintiffs' ancestors were buried. In *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989), the plaintiffs sought to recover damages for the defendants' allegedly negligent delivery of their infant daughter which resulted in the baby's death. In *Posey v. Medical Center-West*, 184 Ga. App. 404 (361 SE2d 505) (1987), the plaintiffs sought to recover damages for the defendants' allegedly negligent treatment of their daughter.

A review of the record indicates that, like in *Cooperwood*, supra, issues of fact remain as to whether the defendants undertook the duty to provide security and whether that duty was performed in a non-negligent manner.

DECIDED JULY 16, 1997 —
RECONSIDERATION DENIED JULY 31, 1997 —

*Fine & Block, Kenneth I. Sokolov, Michael Sard*, for appellant.
*Hamilton, Westby, Marshall & Antonowich, David C. Marshall, Robert C. Buck*, for appellees.

