ANDREWS, Presiding Judge,
dissenting.
For over one hundred years, through the application of the “impact rule,” Georgia’s courts have rejected steadfastly attempts to award damages for the negligent infliction of emotional distress unaccompanied by physical injury. See OB-GYN Assoc. of Albany v. Littleton, 259 Ga. 663, 666 (2) (B) (386 SE2d 146) (1989) ("Littleton II"); Chapman v. Western Union Telegraph Co., 88 Ga. 763 (15 SE 901) (1892); Owens v. Gateway Mgmt. Co., 227 Ga. App. 815, 816 (490 SE2d 501) (1997). Today’s decision, under the guise of the “pecuniary loss” rule as applied in Nationwide Mut. Fire Ins. Co. v. Lam, 248 Ga. App. 134 (546 SE2d 283) (2001), eviscerates the impact rule, permits litigants to routinely obtain damages for emotional distress without physical injury, and, by doing so, impermissibly supplies a remedy where none existed before. Because I conclude that Lam was wrongly decided and should be overruled, and because I believe that we should therefore reverse the trial court’s order denying the defendants’ *375 motion for partial summary judgment based upon the pecuniary loss rule, I respectfully dissent.[8]
1. At the core of today’s decision is the majority’s and Judge McFadden’s special concurrence’s reliance upon, and unprecedented and unauthorized expansion of, the pecuniary loss rule. The rule, articulated in Kuhr Bros. v. Spahos, 89 Ga. App. 885, 890 (81 SE2d 491) (1954), provides:
In cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also bean actual physical injury to the person, ora pecuniary loss resulting from an injury to the person which is not physical; such an injury to a person’s reputation, or the mental pain and suffering must cause a physical injury to the person.
(Emphasis in original.) See also Littleton II, supra, 259 Ga. at 667 (2) (B); Phillips v. Marquis at Mt. Zion-Morrow, LLC, 305 Ga. App. 74, 77 (699 SE2d 58) (2010); Owens, supra, 227 Ga. App. at 815. Stated differently, “for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical.” Littleton II, supra, 259 Ga. at 667 (2) (B) (emphasis supplied). A key limitation on the pecuniary loss rule is that where there is an injury to property alone, “there can be no recovery for mental suffering.” Id. See also Kuhr Bros., supra, 89 Ga. App. at 890.[9]
This case is controlled by our decision in Owens, supra, 227 Ga. App. at 815. In Owens, two armed gunmen forced their way into the *376 plaintiff’s apartment and held her captive for 15 minutes. 227 Ga. App. at 815. The plaintiff sued the landlord for negligently failing to maintain adequate security and claimed emotional distress. Id. at 816. The trial court granted the defendants’ motion for summary judgment, and the plaintiff appealed. We held that the pecuniary loss rule did not apply because “the only pecuniary loss... is that incurred due to medical bills and lost time from work [the plaintiff] allegedly incurred because of emotional distress following the incident.” Id. As a result, we found that the pecuniary loss the plaintiff claimed “is not of the same type as that referred to in [.Littleton II] because it is itself a form of emotional distress damage as opposed to pecuniary loss” resulting from a tort “involving an injury to the person.” Id. (emphasis supplied). Owens concluded that “[t]o hold otherwise would be to allow bootstrapping of an extreme nature.” Id.
In this case, the same principles apply. As in Owens, the plaintiff’s claim for emotional distress, related to events following the collision, “is not of the same type as that referred to in [Littleton II] because it is itself a form of emotional distress damage as opposed to pecuniary loss” resulting from a tort “involving an injury to the person.” Owens, supra, 227 Ga. App. at 816. In other words, the plaintiff cannot show the nonphysical injury that he suffered as a result of the defendants’ negligence is anything other than the same emotional distress for which he seeks to recover. It follows that the plaintiff may seek damages for his emotional distress, if any, arising from the personal injuries he sustained.[10] Absent any separate tort involving an injury to his person, however, he may not seek damages for emotional distress from witnessing the death of his friend and its aftermath. Owens rejected the circular reasoning adopted in Lam and endorsed by the majority and Judge McFadden’s special concurrence, holding that it would “allow bootstrapping of an extreme nature.” Owens, supra, 227 Ga. App. at 816.
2. In permitting a plaintiff to seek damages for negligently caused emotional distress in the absence of physical injury, Lam failed to address the prior holding in Owens.* [11] Lam and her husband were involved in an automobile accident in which her vehicle was damaged. Lam, supra, 248 Ga. App. at 135. Although Lam’s husband was injured, Lam did not sustain any physical injury; however, she alleged that the accident aggravated a preexisting mental illness, the *377 treatment for which resulted in medical expenses. Id. After citing Lee and the impact rule, this Court focused upon the pecuniary loss rule from Littleton II (see id. at 138), incorrectly stating that Littleton II held that “a plaintiff may recover damages for emotional distress based upon an injury to property that results in pecuniary loss if injury to the person is also present.” Id. at 136-137 (emphasis in original). In fact, Littleton IIcontains no such holding.[12] The court in Lam conceded that Lam did not sustain a physical injury; therefore, to support its conclusion that Lam could recover damages for emotional distress under the pecuniary loss rule, the court improperly cited Littleton II, engrafted an apparent “personal property” exception onto the rule, and then relied upon the damage to Lam’s automobile, characterizing it as a trespass, to sidestep the lack of a personal injury.
(a) As a result, Lam was wrongly decided for three reasons: (1) Lam improperly cited the holding of Littleton II as noted above and shifted its focus to whether property damage was sustained; (2) it abandoned the traditional notion of what is encompassed by the phrase “pecuniary loss resulting from an injury to the person which is not physical; such an injury to a person’s reputation,” Littleton II, supra, 259 Ga. at 666 (2) (B) (“An injury to the reputation would be such an injury.”); Phillips, supra, 305 Ga. App. at 77; Owens, supra, 227 Ga. App. at815; and (3) it wrongly applied the pecuniary loss rule. The first of these has already been discussed.
(b) Second, although the primary example of an injury to the person that is not physical has been damage to reputation, this is not an exhaustive listing. Additional possibilities are suggested in Hubbard v. Ruff, 97 Ga. App. 251, 253 (103 SE2d 134) (1958) and Hutcherson v. Durden, 113 Ga. 987, 989-990 (39 SE 495) (1901). In Hubbard, this Court construed “personal tort” as used in the inter-spousal immunity statute as “one involving or consisting in an injury to the person or to the reputation or feelings, as distinguished from an injury or damage to real or personal property.” 97 Ga. App. at 253. Similarly, Hutcherson determined that “injuries done to the person” included “all actionable injuries to the individual himself” and cited physical and bodily injury, injury to the reputation, false imprisonment, malicious arrest, and injury to one’s health, in contrast to injury done to the person’s property. 113 Ga. at 990. Yet Lam focused upon damage to Lam’s vehicle as a means for recovery for emotional *378 distress in the absence of physical injury. Accordingly, in view of Littleton II’s requirement that a “pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical” (i.e., reputation, false imprisonment, etc.) and the companion principle that emotional distress damages may not be awarded for loss to property alone, Lam incorrectly based its decision on the damage to Lam’s vehicle.
The impact of Lam’s fixation on property damage is highlighted in its progeny. See Grizzle v. Norsworthy, 292 Ga. App. 303, 306 (664 SE2d 296) (2008); Shores v. Modern Transp. Svcs., 262 Ga. App. 293, 295 (1) (585 SE2d 664) (2003). Both Grizzle and Shores involved actions for emotional distress by train engineers following collisions with vehicles. In Grizzle, the court cited the pecuniary loss rule mentioned in Lam (“based upon an injury to property,” as opposed to “person” in Littleton II) and concluded that, because the plaintiff had no personal interest in the train or any other property, he could not recover lost income and medical expenses under the pecuniary loss rule. 292 Ga. App. at 306 (2). Likewise, in Shores, in addition to finding no physical injury, the court noted that the plaintiff “failed to show an ‘injury to property’ resulting in pecuniary loss.” 262 Ga. App. at 295 (1). As this Court noted in Jordan, “[ajlthough pecuniary loss may also serve as the basis to recover for emotional distress, the loss must result from an injury to the person, not to property.” 230 Ga. App. at 735. See also Littleton II, supra, 259 Ga. at 667 (2) (B). What is relevant is whether the plaintiff suffered a pecuniary loss resulting from “a tort involving an injury to the person,” either physical or of the sort contemplated by Littleton II. See Harris v. Wall Tire Co., 197 Ga. App. 818 (399 SE2d 580) (1990) (recovery under pecuniary loss rule not permitted where plaintiff suffered property damage and alleged emotional distress, but no personal injury).
(c) Third, Lam wrongly applied the pecuniary loss rule by finding that the medical bills and lost wages incurred by Lam supplied the pecuniary loss for her claim. See Owens, supra, 227 Ga. App. at 816. Just as in Owens, “the only pecuniary loss [in Lam] is that incurred due to medical bills and lost time from work [Lam] allegedly incurred because of emotional distress following the incident” and was not the result of a separate tort involving an injury to Lam. 227 Ga. App. at 816. On this point, Owens is indistinguishable. However, the Lam court essentially bootstrapped Lam’s damages for emotional distress onto her claim for property damage to provide a recovery in the absence of a separate “tort involving an injury to the person.” For the reasons stated above, this conclusion was erroneous and should be *379 overruled.[13] To the extent Hall County Mem. Park v. Baker, 145 Ga. App. 296 (243 SE2d 689) (1978) relies upon similar logic to award damages for emotional distress in the absence of personal injury, it too should be overruled.
3. Finally, this Court does not have the authority, were it so inclined, to expand the remedies available to plaintiffs under our law. See Shores, supra, 262 Ga. App. at 296 (2) (declining to relax the impact rule); McCunney v. Clary, 259 Ga. App. 260, 261-263 (1) (576 SE2d 635) (2003). Only the Supreme Court of Georgia or the General Assembly may do that. See Lee, supra, 272 Ga. at 588; Shores, supra, 262 Ga. App. at 296 (2); McCunney, supra, 259 Ga. App. at 261-263 (1). In fact, the Supreme Court has recognized a single exception to the impact rule. See Lee, supra, 272 Ga. at 587. Presented with the opportunity to reject the impact rule, our Supreme Court specifically reaffirmed it, finding that
the benefits of an impact rule are plain in that it provides a brighter line of liability and a clear relationship between the plaintiff’s being a victim of the breach of duty and compensability to the plaintiff.
Lee, supra, 272 Ga. at 587 (II). Indeed, the court could not have been more clear when it stated that “we decline to adopt any rule which might, in effect, create a separate tort allowing recovery of damages for the negligent infliction of emotional distress.” Id. at 588 (III). No decision since has further expanded this exception, and it therefore appears the parent/child exception, applicable only when both are injured in the same accident and the child dies from her injuries, remains the lone exception to the impact rule in Georgia. See Shores, supra, 262 Ga. App. at 296 (2) (declining to relax the impact rule); McCunney, supra, 259 Ga. App. at 261-263 (1).
Accordingly, under Georgia law, an injured parent can recover for emotional distress from witnessing the injury and death of her child involved in the same event. See Lee, supra, 272 Ga. at 588. Conversely, a parent cannot recover for emotional distress from the death of a child during delivery. See Littleton LV, supra, 261 Ga. at 664. Nor can a parent recover for emotional distress from witnessing the nonfatal injury of his spouse and his children involved in the same *380 event. See McCunney, supra, 259 Ga. App. at 261-263 (1). Similarly, a relative cannot recover for emotional distress from witnessing the nonfatal injury of a relative involved in the same event. See Bennett v. Moore, 312 Ga. App. 445, 458 (3) (718 SE2d 311) (2011). It is clear that the plaintiff’s claim is not included within the narrow Lee exception, and we are not authorized to create such a remedy, as was done in Lam. See Lee, supra, 272 Ga. at 588; Shores, supra, 262 Ga. App. at 296 (2); McCunney, supra, 259 Ga. App. at 261-263 (1).
Decided July 16, 2014 —
McMickle, Kurey & Branch, Scott W. McMickle, Stephanie F. Brown, Weinberg, Wheeler, Hudgins, Gunn & Dial, John K. Train IV, Robert P. Marcovitch, Joshua S. Wood, for appellants.
Katherine L. McArthur, Caleb F. Walker, for appellees.
In closing, the ruling issued by the majority represents a drastic expansion of the pecuniary loss rule above and beyond any prior limitation by the courts of this state — so much so, in fact, that the impact of the decision is to render meaningless the impact rule. Indeed, of what use is the impact rule if it can be routinely circumvented under the majority’s enlargement of the pecuniary loss rule? As our Supreme Court noted in Lee, “it would be imprudent to abandon over a hundred years of Georgia precedent” to sacrifice the impact rule. 272 Ga. at 588. Yet that is precisely what has been accomplished today.
In view of the foregoing, I do not find that the plaintiff is entitled to recover for emotional distress from witnessing the death of his friend and its aftermath under any existing theory of Georgia law, specifically including the pecuniary loss rule. I further believe that we should overrule Lam inasmuch as it is in conflict with Owens, a controlling precedent of this Court, and is inconsistent with Littleton II, Lee, and our long-standing adherence to the impact rule. We should not further melt down the law in this area.[14] As a result, the judgment of the trial court should be reversed and remanded with direction to enter partial summary judgment in favor of the defendants on the issue of recovery under the pecuniary loss rule.

 Furthermore, I agree with the parties’ observation that the plaintiff cannot recover, pursuant to the impact rule, damages for any emotional distress resulting from his witnessing the death of his friend and its aftermath. See, e.g., Lee v. State Farm Mut. Ins. Co., 272 Ga. 583 (533 SE2d 82) (2000); Littleton II, supra, 259 Ga. at 666-667.

 In this regard, Barrow v. Ga. Lightweight Aggregate Co., 103 Ga. App. 704, 709 (120 SE2d 636) (1961) is not applicable. In Barrow, this Court permitted a landowner to seek damages for emotional distress resulting from blasting operations on a neighboring property. Id. The landowner claimed to suffer damage to his residence and “great and grievous discomfort, annoyance, and anxiety.” Id. at 708. This Court concluded that the blasting operations constituted a trespass, although there is no mention of pecuniary loss. Id. In the more than 50 years since it was decided, Barrow has been cited for this proposition by Georgia courts twice. See Littleton II, supra, 259 Ga. at 666 (2) (B); Lam, supra, 248 Ga. App. at 137. Littleton II overruled Barrow to the extent that it “may stand for the proposition that a plaintiff who has suffered a trespass may recover for emotional distress,” but agreed that it could support damages for “mental injury flowing from a trespass.” Littleton II, supra, 259 Ga. at 667 (2) (B). In essence, then, this Court held that one cannot recover damages for emotional distress by virtue of the trespass itself; it must be accompanied by injury to the person. In fact, Littleton II reiterated this idea, holding that a “pecuniary loss must occur as a result of a tort involving an injury to the person.” Littleton II, supra, 259 Ga. at 667 (2) (B). See also Owens, supra, 227 Ga. App. at 816.

 See OB-GYN Assoc. of Albany v. Littleton, 261 Ga. 664 (410 SE2d 121) (1991) ("Littleton IV").

 Importantly, Owens is binding precedent under our rules. See Court of Appeals Rule 33 (a).

 Correctly stated, Littleton II held that “for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical.” 259 Ga. at 667 (2) (B) (emphasis supplied).

 Judge McFadden’s special concurrence’s argument that Lam should be followed as controlling authority because “the Supreme Court previously declined to review [it] on certiorari” is unsupportable. See Ezor v. Thompson, 241 Ga. App. 275, 277 (1) (526 SE2d 609) (1999) (“[T]he denial of a writ of certiorari shall not be taken as an adjudication that the decision or judgment of the Court of Appeals is correct.”) (punctuation omitted).

 See Southern Star Lightning Rod Co. v. Duvall, 64 Ga. 263, 269 (1879) (Bleckley, J.).