## 55061. HALL COUNTY MEMORIAL PARK, INC. v. BAKER et al.

BIRDSONG, Judge.

Mrs. Sara Baker sued appellant to recover damages alleging that appellant buried her deceased husband in a gravesite other than one purchased by Mrs. Baker and her husband prior to Mr. Baker's death. Mrs. Baker in her suit alleged that the appellant "maliciously, wilfully and unlawfully caused plaintiff severe mental and physical anguish and pain, shock, sadness and grief." Appellee also alleged that the acts of the appellant "were wilful, unlawful and deliberate." Appellant denied liability and in addition impleaded Little-Davenport Funeral Homes, Inc. thereby seeking from Little-Davenport indemnification, or alternatively contribution, in the event of recovery by appellant in the original action. It is undenied, and the evidence at the trial showed, that the original interment of the body of appellant's husband was in the wrong gravesite. Appellant contended that the reason for the interment in the wrong gravesite was due to the fact that the funeral home (Little-Davenport) identified the appellant's deceased husband as Henry Baker, rather than by his full name William Henry Baker (or W. H. Baker as he appeared on appellant's records) and that this misinformation either caused or contributed to the interment of the deceased husband in the wrong

gravesite. Little-Davenport denied this contention.

The case was tried before a jury and at the close of all of the evidence, the trial court directed a verdict in favor of the third-party defendant Little-Davenport Funeral Home. The jury subsequently returned a verdict against the appellant in the amount of $10,000, from which appellant appeals, setting forth six enumerations of error. *Held:*

1. Enumeration of error no. 1 relates to the trial court's denial of appellant's motion for directed verdict for the reason that the appellee failed to prove an intentional tort. The evidence in this case shows that the appellee suffered, in addition to other damages, pecuniary loss (medical bills and lost wages). Upon this showing of pecuniary loss, the appellee was then entitled to compensatory damages including a recovery for accompanying mental pain and suffering even though the tortious conduct complained of is merely ordinary negligence. *Chapman v. Western Union Tel. Co.,* 88 Ga. 763 (15 SE 901); *Kuhn Bros. v. Spahos,* 89 Ga. App. 885, 890 (81 SE2d 491); *Montega Corp. v. Hazelrigs,* 229 Ga. 126 (189 SE2d 421); *Westview Cemetery v. Blanchard,* 234 Ga. 540, 543 (216 SE2d 776). Failure of the trial court to direct a verdict for appellant was not error.

2. Appellant contends in enumeration of error no. 2 that the trial court erred in denying appellant's motion for partial directed verdict with respect to appellee's claim for punitive damages. This court has held that whether or not punitive damages are to be given is a question for the jury and not the court. *Batson v. Higginbothem,* 7 Ga. App. 835, 839 (68 SE 455); *Walk v. Carter,* 110 Ga. App. 273, 274 (138 SE2d 390); *Townsend & Ghegan Enterprises v. W. R. Bean & Son,* 117 Ga. App. 109, 110 (159 SE2d 776). The denial of this motion was not error.

3. In enumeration of error no. 3, appellant alleges error in the trial court's charging of Code Ann. § 105-2003. This enumeration of error has merit.

Code Ann. § 105-2003 refers to torts where the injury is to the "peace, happiness, or feelings of the plaintiff." Where the injury is restricted to the above, the worldly circumstances of the parties, etc. should be weighed. Where mental pain and suffering is not accompanied by

physical injury *or pecuniary loss* recovery is allowed only if the conduct was malicious, wilful or wanton and this section 105-2003 should be charged. In the case sub judice the appellee did suffer a pecuniary loss in wages and medical bills and the court was not authorized to give in charge section 105-2003 and to do so was reversible error. *Westview Cemetery v. Blanchard,* supra; *Montega Corp. v. Hazelrigs,* supra.

4. Enumerations of error 4 and 5 relate to the admission of evidence regarding a similar incident involving the appellant and a nonparty, to wit: The interment, by appellant, of the nonparty's deceased husband, in the wrong gravesite. The transcript reveals that appellant, prior to the presentation of evidence to the jury, stated that it would raise certain objections to the testimony of the parties; however, no objection was made at the time the evidence was presented.

" 'In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which defendant might have had. Objections made during the preliminary examination of the witness could not be considered as objections to the testimony subsequently given. *Sides v. State,* 213 Ga. 482, 487 (5) (99 SE2d 884); *Jackson v. State,* 108 Ga. App. 529 (133 SE2d 436).' *Smith v. State,* 116 Ga. App. 45 (2) (156 SE2d 380) (1967)." *Campbell v. Wilson,* 143 Ga. App. 656 (239 SE2d 546). For the reasons stated, enumerations of error 4 and 5 are meritless.

5. Appellant's enumeration of error no. 6 assigns error in the trial court's direction of verdict for third-party defendant Little-Davenport Funeral Home, based on the contention that there was an issue of fact as to whether or not the third-party defendant was concurrently negligent in the interment of appellee's husband's body in the wrong gravesite. A witness for the appellant, an employee, testified that Mr. Davenport of Little-Davenport Funeral Home advised him over the telephone that the deceased husband of Mrs. Baker was "Henry Baker" and not W. H. Baker or William Henry Baker and that, as a result of this information, a check was made at the cemetery to determine where the gravesite of "Henry Baker" was located, and, finally, upon finding the name "Henry

Baker" a gravesite was prepared on the lot owned by a "Henry Baker."

"'The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. CPA § 50(a) (Code Ann. § 81A-150(a))." *Fletcher v. Fletcher,* 143 Ga. App. 404 (238 SE2d 753); *Kanellos & Co. v. Kavadas,* 132 Ga. App. 787 (209 SE2d 232). This court cannot say that a jury could not have considered the evidence and found that there was concurrent negligence and rendered a judgment against appellant and third-party defendant or third-party defendant alone. Accordingly, the trial court erred in directing a verdict in favor of Little-Davenport Funeral Home.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 17, 1978 — DECIDED MARCH 14, 1978.

*Whelchel, Dunlap & Gignilliat, James A. Dunlap, George L. Simpson, III,* for appellant.

*Jack C. Bell, Kenyon, Hulsey & Oliver, J. D. Smith, Jr.,* for appellees.