A03A0282, A03A0283. McCUNNEY v. CLARY et al.; and vice versa.

(576 SE2d 635)

ELDRIDGE, Judge.

This is an appeal from the partial grant of summary judgment to defendants Joe Clary and James Wisenbaker, co-executors of the estate of James Anton Lloyd, deceased tortfeasor, against Steven A. McCunney ("McCunney"), plaintiff, on the negligent infliction of emotional distress claim for serious but nonfatal injuries to his wife and children, and the cross-appeal of the defendants on the denial of their motion for partial summary judgment on the issue of limited liability release. Finding no error, we affirm.

On December 26, 1995, Lloyd collided with the vehicle driven by McCunney, injuring Kim, McCunney's wife, his two minor children, and a minor relative. After the filing of the suit, on December 19, 1997, Lloyd died, and on January 24, 2001, the executors of his estate were substituted.

On January 4, 2002, McCunney amended his complaint to assert a claim for negligent infliction of emotional distress for the injuries inflicted upon his wife, Kim, and their minor children, Brian and Cory. He contended that the injuries to Kim and Brian caused him to lose time from his business, Defense Contract Services, which he had to discontinue while he was caring for his wife and children, although his own personal injuries caused no such loss.

McCunney's emotional distress consisted of "using all the energy up taking care of the family, so I'm not having the drive and energy to focus in other areas," because he had to take over the chores of cooking, dishwashing, washing clothes, and with the six or seven surgeries required by his wife for her injuries.

The personal injury claims of Brian and Kim were settled with the liability and underinsured motorist carriers, which included his loss of consortium claim. The remaining claims were for the personal injuries of Cory and McCunney's personal injuries, including his claim for the negligent infliction of emotional distress. The trial court granted summary judgment as to the negligent infliction of emotional distress as a matter of law, because there was no fatal injury or death, although there was impact.

On June 28, 1999, Brian, individually, Kim, individually and as natural guardian of Brian, and McCunney, individually and as natural guardian of Brian, entered into a settlement with Allstate for Brian's injuries and executed a limited liability release. On March 1, 2001, Kim, individually, and McCunney, individually, entered into a settlement agreement with Allstate regarding the injuries of Kim and executed a limited liability release. Subsequently, on January 4, 2002, after these settlements, McCunney asserted his negligent

infliction for emotional distress claim, arising from the injuries of Kim, Brian, and Cory.

The defendants also moved at that time for summary judgment on the grounds that the releases previously executed by McCunney released any and all claims that he possessed against the defendants for any damages sustained, including any claim for negligent infliction of emotional distress related to the injuries sustained by both Brian and Kim. On August 1, 2002, the trial court denied this partial motion for summary judgment.

### Case No. A03A0282

1. McCunney contends that the trial court erred in ruling that he, as a matter of law under the facts of his case, could not pursue a claim for the negligent infliction of emotional distress. We find no error.

McCunney seeks to have this Court expand the holding of *Lee v. State Farm &c. Ins. Co.*, 272 Ga. 583, 588 (533 SE2d 82) (2000). There the Supreme Court, in expanding the public policy of Georgia regarding permissibly recoverable damages from its prior imposed limitations by binding precedent, held that "the parent may attempt to recover for serious emotional distress from witnessing the child's suffering and death without regard to whether the emotional trauma arises out of the physical injury to the parent." (Citation and footnote omitted.) Id. McCunney wants this Court to allow a parent and spouse who witnessed the serious injury of a spouse or child to be allowed to recover for such emotional distress. However, in *Lee v. State Farm*, the Supreme Court went on to hold that "[t]his is in accord with the precepts of the impact approach and appropriately restricts recovery to those directly affected by the defendant's negligent act or omission[,]" expressly stating that such expansion in public policy was confined to a parent or spouse witnessing the suffering and death of a loved one. Id. In footnote 8, the Supreme Court held "[t]o the extent that the *Littleton* cases, their predecessors, and progeny bar recovery for the parent's claim of emotional distress in circumstances like the present [witnessing the injury and death] by requiring that the emotional distress stem from the parent's own physical injury, they will no longer be followed." Id. at 588, n. 8. Thus, under the facts of this case, we and the trial court are bound by the Supreme Court precedents that expressly prohibit such damages for emotional distress from witnessing the serious injury to a spouse or child and their suffering.

Under *OB-GYN Assoc. of Albany v. Littleton*, 261 Ga. 664 (410

SE2d 121) (1991), and its progeny,[1] which still apply to the facts of this case, we and the trial court are bound by those precedents established by the Supreme Court that say spouses and parents who are injured in the same negligent impact may recover for their own physical and mental suffering, and who also witness the injury and suffering of their spouse or child cannot recover for such emotional distress caused by seeing their loved one negligently injured. While the better public policy for recovery for emotional distress would be to allow emotional distress from witnessing the serious injury and consequent suffering of a spouse or child when the spouse or parent also has been injured through the same impact and has the right to recover for not only their own physical and mental suffering, because damages for pain and suffering are in the enlightened conscience of fair and impartial jurors. The emotional distress from witnessing a serious injury to a loved one and their suffering may be found to be a distinct form of mental pain and suffering by a finder of fact. "It will be for the finder of fact to determine whether the parent suffered emotional distress from witnessing the child's [or spouse's injury and] suffering . . . apart from the [emotional distress] which would naturally arise from a parent's [or spouse's concern over the injury and suffering of the other spouse or] child." *Lee v. State Farm &c. Ins. Co.*, supra at 588. Thus, the factfinder's burden would be no greater than it already is to consider a plaintiff's mental and physical pain and suffering and to consider loss of consortium.

The three policy reasons traditionally given for restricting damages for emotional distress, absent impact and physical injury, would be satisfied.

> First, there is the fear, that absent impact, there will be a flood of litigation of claims for emotional distress. Second, is the concern for fraudulent claims. Third, there is the perception that, absent impact, there would be difficulty in proving the causal connection between the defendant's negligent conduct and claimed damages [for] emotional distress.

(Citations omitted.) *Lee v. State Farm &c. Ins. Co.*, supra at 587. Therefore, this policy decision must be made by the Supreme Court

---

[1] Supra at 664 ("*Littleton IV*") (mother, although she might have a physical injury, could not recover for any mental suffering or emotional distress that she suffered as a result of injuries to her child); see also *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 666-667 (386 SE2d 146) (1989) ("*Littleton II*") (requiring impact causing physical injury to support any damages for any emotional distress arising from her own injuries); *DeKalb County v. Wideman*, 262 Ga. 210, 211 (416 SE2d 498) (1992); *Southern R. Co. v. Jackson*, 146 Ga. 243 (2) (91 SE 28) (1916); *Goins v. Tucker*, 227 Ga. App. 524, 526 (2) (489 SE2d 857) (1997).

of Georgia to overrule its prior precedents limiting such recovery, and not this Court.

### Case No. A03A0283

2. Clary and Wisenbaker contend that the trial court erred in denying their cross-motion for summary judgment that McCunney's limited liability releases released any damages for negligent infliction of emotional distress inflicted upon his wife, Kim, and his two children, Brian and Cory. Such issues are now moot, because Division 1 controls that there is no right of recovery for emotional distress under these facts and circumstances.

*Judgment affirmed. Johnson, P. J., concurs. Mikell, J., concurs and concurs specially in Division 1.*

MIKELL, Judge, concurring specially.

Although I concur in the result and much of the reasoning, I do not join in the argument in Division 1 regarding public policy and an expansion of the holding in *Lee v. State Farm &c. Ins. Co.*, 272 Ga. 583 (533 SE2d 82) (2000).

DECIDED JANUARY 17, 2003 — 

O. Wayne Ellerbee, James E. Jarvis, Jr., for appellant.
Watson, Spence, Lowe & Chambless, Dawn G. Benson, Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr., for appellees.