A03A1502. SHORES v. MODERN TRANSPORTATION SERVICES, INC. et al.

(585 SE2d 664)

ELDRIDGE, Judge.

Plaintiff-appellant Thomas Lee Shores appeals the Superior Court of Crawford County's order granting defendants-appellees Modern Transportation Services, Inc. and Johnny Williamson (collectively "Modern") summary judgment upon his damages complaint for negligent infliction of emotional distress. Shores alleged that he suffered post-traumatic stress disorder arising out of the collision of a truck owned by Modern driven by its employee, Williamson, and a train operated by locomotive engineer Shores at a railroad crossing near Georgia Highway 96, Crawford County. Shores contends that summary judgment for Modern grounded upon the absence of direct impact causing him physical injury was error, urging the adoption of a "zone of danger" rule. Finding neither any injury to Shores nor any injury to a property interest in him resulting in pecuniary loss, we affirm.

---

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

At the time of the accident in issue, Shores was operating the lead locomotive in the train when Williamson, driving Modern's tractor-trailer, collided with the locomotive trailing Shores and the freight car immediately behind it. Gates down, bells ringing, and the horn sounding at the grade intersection, Shores first noticed the tractor-trailer 60 feet away from the crossing swerving to miss the train. The long hood of his locomotive, approximately 50 feet in length, was already in the intersection. Although he was moved in his seat by the collision, Shores was not physically impacted. Neither did Shores suffer any physical injury nor seek assistance for such an injury. Shores deposed, however, that he has emotional problems for which he is being treated. These he complains of as post-traumatic stress syndrome, the result of seeing the accident develop, manifested by dreams, flashbacks, an episode of incontinence when passing through an intersection upon last operating a train following the accident, and panic attacks on contemplating returning to railroad work thereafter. *Held*:

1. In this negligent infliction of emotional distress action, Shores challenges summary judgment for Modern grounded upon the absence of direct impact causing him physical injury.

A long succession of cases has explained, clarified, distinguished, and limited the rule to exclude recovery when a plaintiff sought recovery for emotional distress from the negligence of a defendant but did not suffer either physical injury or monetary loss. The rule was further significantly shaped in the *Littleton* cases,[1] a series of cases involving a parent's suit for emotional distress caused by the negligent

---

[1] *OB-GYN Assoc. v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989) ("*Littleton II*"), overruled in part, *Lee v. State Farm &c. Ins. Co.*, 272 Ga. 583, 588 (III) (533 SE2d 82) (2000), and reaffirmed in *OB-GYN Assoc. v. Littleton*, 261 Ga. 664 (410 SE2d 121) (1991) ("*Littleton IV*"), overruled in part, *Lee v. State Farm &c. Ins. Co.*, supra.

delivery and subsequent alleged wrongful death of her newborn child.

(Footnote omitted.) *Nationwide &c. Ins. Co. v. Lam*, 248 Ga. App. 134, 136 (1) (546 SE2d 283) (2001). *Littleton II*'s holding, partially overruled by expansion, Division 2, infra, was twofold as to damages claims for emotional distress: (1) those attendant upon personal injury under Georgia's "impact rule," requiring the plaintiff to show an impact to his or her person resulting in physical injury thereto to allow recovery, *Littleton II*, supra at 665-666 (2) (A), and (2) those in consequence of injury to property where plaintiff showed resulting pecuniary loss upon mental injury to the plaintiff caused by a tort. Id. at 666-667 (2) (B);[2] see also *Nationwide &c. Ins. Co. v. Lam*, supra at 136-137 (2) ("[A] plaintiff may recover damages for emotional distress based upon an injury to property that results in pecuniary loss if injury to the person is also present, even if that injury is not physical.") (emphasis omitted).

It is uncontradicted that Shores here suffered no impact to his person resulting in physical injury. Consequently, summary judgment for Modern was proper on this account. *Littleton II*, supra; *Nationwide &c. Ins. Co. v. Lam*, supra. And, while the superior court did not ground its grant of summary judgment upon more than the absence of physical impact, Shores has failed to show an "injury to property" resulting in pecuniary loss to him arising out of his inability to continue working. Compare id. (plaintiff's personal property damaged in collision causing pecuniary loss in nature of medical bills). Where, as here, no terms of the employment contract in issue are set out, the complaint must be construed as alleging that the employee was working under a contract terminable upon the will of the employer. *Elliott v. Delta Air Lines*, 116 Ga. App. 36 (156 SE2d 656) (1967). An at-will employee generally does not have a reasonable expectation of continued employment to establish a property right protected by law. See *Premo v. Ga. Ports Auth.*, 227 Ga. App. 27, 28-29 (3) (488 SE2d 106) (1997); accord *Wofford v. Glynn Brunswick Mem. Hosp.*, 864 F2d 117 (11th Cir. 1989); *Nolin v. Douglas County*, 903 F2d 1546 (11th Cir. 1990), overruled on other grounds, *Narey v. Dean*, 32 F3d 1521 (11th Cir. 1994), overruled in part on other grounds, *McKinney v. Pate*, 20 F3d 1550 (11th Cir. 1994), cert. denied, *McKinney v. Osceola County Bd. of County Commrs.*, 513 U. S. 1110 (115 SC 898, 130 LE2d 783) (1985).

Under these circumstances, no error obtained upon the grant of summary judgment for Modern. *Lau's Corp. v. Haskins*, supra.

---

[2] The Supreme Court pointed to injury to reputation as illustrative of such a tort. Id.

2. Shores further challenges summary judgment for Modern, urging that we "relax" the impact rule to permit a negligent infliction of emotional distress claim where the plaintiff shows presence in the zone of danger. In this regard, we are mindful that the Supreme Court has eased the impact rule by partially overruling *Littleton II* to permit a mother to pursue a claim for negligent infliction of emotional distress where, although not injured herself, she nonetheless observed injury to her child resulting in the child's death. *Lee v. State Farm &c. Ins. Co.*, supra. However, this is not such a case. It follows that even were we so inclined (and we are not), the adoption of a rule broader than that approved in *Lee* is beyond our authority.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 11, 2003 — 

*Warshauer, Woodruff & Thomas, Michael J. Warshauer, Bradford W. Thomas*, for appellant.
*Magill & Atkinson, David M. Atkinson*, for appellees.