A10A1179. PHILLIPS et al. v. MARQUIS AT MT. ZION-MORROW, LLC et al.
(699 SE2d 58)

MIKELL, Judge.

Amy Phillips, individually and as next friend of her three minor children, M. P., J. P., and A. P., appeals the summary judgment entered against her on her claim of negligent infliction of emotional distress against an apartment complex, Marquis at Mt. Zion ("Marquis"), its management company, Steven D. Bell & Company ("Bell"), and three of their employees arising out of an incident that occurred with Phillips's former boyfriend, Titus Walker. We affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[1]

Properly viewed, the record shows that Phillips and her children moved into an apartment at the Marquis in July 2006. Walker, who

---

[1] (Citation omitted; emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

was the father of Phillips's daughter, A. P., resided in the complex and also worked for his brother's business, Carpet Care Connections, cleaning the carpets in the apartments, both occupied and vacant. Phillips deposed that although she and Walker had ended their romantic relationship, they remained friends, and he was a father figure to her boys, M. P. and J. P.

Walker's demeanor changed when he discovered that Phillips had a new boyfriend. Walker began to harass Phillips. She deposed that he knocked on her door, "hour after hour," followed her in his car, showed up at her job, and snatched her daughter. On one occasion, he blocked Phillips's car with his van and stood outside the window of her apartment, yelling obscenities at her. She called the assistant manager, Kemi Orgaumni, who told Walker to move his vehicle. Phillips was aware that Walker had access to occupied apartments, and she informed Orgaumni that if Walker needed to enter her apartment, she wanted to be notified first.

After the incident with her car, Phillips stayed with her boyfriend. Her children were in Florida. When the children returned in preparation for school, Phillips spent the night in the apartment with them. When she awoke the next morning, on August 28, 2006, Phillips discovered that someone had taken her car keys, wallet, and cell phone and had placed sugar in the gas tank of her car. Phillips knew that she had turned on her security alarm and that no one could enter her apartment without setting off the alarm unless that person knew the code. She confronted Walker, who admitted getting the key to her apartment from the office, entering her apartment, and vandalizing her car.

Walker apparently obtained the key and the security code from Antino Harmon, a leasing specialist employed by Bell. Harmon deposed that he had been instructed by management to release keys to Walker whenever he requested them in order to clean carpets in the complex. Harmon also deposed that there are 260 apartments at the Marquis; that keys are associated with apartment numbers but not names, so that when Walker requested a key, he did so by apartment number; and that Harmon was not aware that the key he gave Walker belonged to Phillips's apartment. Harmon had never been informed that Phillips was having difficulty with Walker and was not aware of their prior relationship. Harmon deposed that he had never received any complaints about Walker prior to this incident.

Amy Thomas, Bell's regional property manager, deposed that the policy is that if a vendor is given a key to an occupied unit, the resident "would know about it" because he or she would have requested it. It is undisputed that Phillips did not request that her carpets be cleaned.

After the incident, Phillips filed suit against Marquis, Bell, Harmon, Orgaumni, Thomas, and Walker. Phillips alleged that she and her children suffered mental pain and anguish as a result of Walker's actions and unlawful entry into her apartment, including loss of sleep and nightmares; and that such damages were caused by Harmon, Orgaumni, and Thomas, whose negligence was attributable to their respective employers, Marquis and Bell. Phillips sought recovery for injury to her peace, feelings or happiness; damages for her property loss; and damages for mental pain and anguish. Walker could not be located or served with the complaint. The remaining defendants moved for summary judgment. In granting the motion, the trial court ruled that Phillips could not recover damages for negligent infliction of emotional distress because neither she nor her children had sustained any physical impact or injury; her children had not sustained any pecuniary loss; there was no evidence of wilful or wanton conduct directed at her by these defendants; and the nominal damages incurred as a result of the loss of her wallet, cell phone, and vandalism to her car could not serve as the basis for recovery. Phillips appeals. In three enumerations of error, followed by a single argument, Phillips essentially complains that the trial court erred in granting summary judgment based on its application of the impact rule. We disagree and affirm.

"A claim for emotional distress damages caused by negligence must be supported by evidence that the plaintiff suffered an impact resulting in physical injury or pecuniary loss resulting from an injury to the person."[2] In this case, it is undisputed that Phillips and her children suffered no physical impact as a result of Walker's entry into their apartment. According to Phillips's deposition testimony, they slept through the entire incident. Without an impact, Phillips can only recover if she can show that the defendants' conduct was malicious, wilful, or wanton and was directed at her or her children.[3] Phillips argues that the employees of Marquis and Bell acted wilfully, wantonly, and in reckless disregard of the consequences by giving Walker the key to her apartment as well as the alarm code, after they had been instructed not to give him access to her apartment. Under the evidence presented in this case, we cannot agree that a jury question is raised.

"Wilful conduct is based on an actual intention to do harm or

---

[2] (Citations omitted.) *Travis Pruitt & Assoc., P.C. v. Hooper*, 277 Ga. App. 1, 5-6 (2) (625 SE2d 445) (2005) (whole court). See *Lee v. State Farm &c. Ins. Co.*, 272 Ga. 583, 585 (I), n. 3 (533 SE2d 82) (2000).

[3] *Hang v. Wages & Sons Funeral Home*, 262 Ga. App. 177, 179-180 (585 SE2d 118) (2003). Accord *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992); *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (B) (216 SE2d 776) (1975).

inflict injury; wanton conduct is that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent."[4] "[R]eckless and wanton disregard of consequences may evince an intention to inflict injury."[5] In the case at bar, Phillips told the assistant manager, Orgaumni, not to allow Walker to access Phillips's apartment without notifying her first. There is evidence that Orgaumni failed to communicate this restriction to the leasing specialist, Harmon, and that he subsequently gave Phillips's key and alarm code to Walker. Although these actions evince negligence, perhaps even gross negligence, we cannot say that they evince an intent to inflict injury. As noted above, Harmon deposed that before the incident in question, he did not know about the relationship between Phillips and Walker. Moreover, Walker asked for Phillips's key by apartment number, not by her name, and Harmon did not know that the key Walker requested was for Phillips's apartment. Finally, Walker was an approved carpet cleaning vendor, and had obtained keys previously without incident. In her deposition, Phillips testified that she did not believe that there was any evidence that any of the employees of Marquis or Bell harbored ill will toward her. Based on this evidence, the defendants were entitled to summary judgment on Phillips's claim that their conduct was wilful and wanton.

Finally, we hold that Phillips cannot recover under the pecuniary loss exception to the impact rule. The rule, explained in *Nationwide Mut. Fire Ins. Co. v. Lam*,[6] is that

> in cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, *or a pecuniary loss resulting from an injury to the person which is not physical*; such an injury to a person's reputation, or the mental pain and suffering must cause a physical injury to the person.[7]

In *Lam*, the plaintiff sustained a pecuniary loss resulting from a trespass and a mental injury to her person, consisting of aggravation

---

[4] (Citations and punctuation omitted.) *Chrysler Corp. v. Batten*, 264 Ga. 723, 726 (3) (450 SE2d 208) (1994).

[5] (Punctuation and footnote omitted.) *Jordan v. Atlanta Affordable Housing Fund*, 230 Ga. App. 734, 737 (2) (498 SE2d 104) (1998).

[6] 248 Ga. App. 134 (546 SE2d 283) (2001).

[7] (Citations and punctuation omitted; emphasis in original.) Id. at 137 (2). See *OB-GYN Assoc. &c. v. Littleton*, 259 Ga. 663, 667 (2) (B) (386 SE2d 146) (1989), overruled in part on other grounds, *Lee*, supra at 588, n. 8; accord *Shores v. Modern Transp. Svcs.*, 262 Ga. App. 293, 294-295 (1) (585 SE2d 664) (2003).

of a stable mental illness.[8] In this case, there is evidence that Phillips sustained a pecuniary loss by virtue of her stolen wallet and cell phone, and the vandalism of her car. However, Phillips has not alleged that this loss results from an injury to her person which is not physical. Instead, she alleges an injury to her "peace, feelings or happiness" pursuant to OCGA § 51-12-6. This Code section does not create a cause of action for emotional distress, however; it merely prescribes the measure of recovery where an underlying tort action already exists.[9] Such is not the case here. The trial court correctly granted summary judgment to the defendants.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JULY 8, 2010 — 

*Mills & Larkey, Ben B. Mills, Jr.*, for appellants.
*James T. Perry*, for appellees.

---

[8] *Lam,* supra at 138.
[9] *Reeves v. Edge,* 225 Ga. App. 615, 620 (4) (484 SE2d 498) (1997).