**July 16, 2014**

# In the Court of Appeals of Georgia

A14A0147. OLIVER et al. v. MCDADE et al.           DO-008

DOYLE, Presiding Judge.

This is an interlocutory appeal from the trial court's denial of a defense motion

for partial summary judgment on the issue of whether the plaintiff in a personal injury

action arising from a motor vehicle collision may recover damages for emotional

distress under Georgia's "pecuniary loss" rule. Because there exist genuine issues of

material fact and the trial court did not err as a matter of law, we affirm.

Summary judgment is appropriate only if the pleadings and evidence "show

that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law."[1] On appeal from the denial of summary

judgment, our review is de novo, and we construe the evidence and all reasonable

---

[1] OCGA § 9–11–56 (c).

inferences drawn from it in the light most favorable to the nonmoving party.[2] "Moreover, we will affirm a trial court's denial of a motion for summary judgment if it is right for any reason."[3]

So construed, the evidence shows that John McDade was riding as a passenger in his own truck, which was being driven by his close friend Matthew Wood on I-16 in Dublin, Georgia. McDade, Wood, and others were returning home late at night from a dirt car race in which Wood had competed, and Wood was towing his race car on a trailer behind McDade's truck. Just after driving the truck down the on-ramp onto the interstate, Wood noticed that something on the trailer was not secured, and he pulled over to the shoulder. Wood then exited the truck and walked back toward the trailer.

A tractor-trailer owned by Crider Transportation and operated by Jerome Oliver swerved onto the shoulder and struck Wood's trailer and McDade's truck. Wood was crushed between the trailer and the truck and killed instantly. The impact threw McDade against the interior of his truck, shattered the glass in the rear of the truck's

[2] See *Bank of North Ga. v. Windermere Dev.*, 316 Ga. App. 33, 34 (728 SE2d 714) (2012).

[3] *Lowry v. Cochran*, 305 Ga. App. 240, 241 (699 SE2d 325) (2010) (citation omitted).

cab, and propelled blood and tissue from Wood's body onto McDade. McDade then got out of his truck, discovered Wood's mangled body lying partially in the road, and protected it from further damage by passing vehicles until emergency personnel arrived.

Due to the collision, McDade has suffered neck, back and knee injuries, as well as headaches, insomnia, flashbacks, anxiety, depression and suicidal thoughts. He sought psychiatric help, was diagnosed as suffering from major depression as a result of the collision, and was prescribed various medications.

Based on the collision, McDade brought a negligence claim against Oliver, Crider, and Crider's liability insurance carrier. The defendants sought partial summary judgment on any of McDade's claims based on emotional distress arising from having witnessed the injuries to Wood. The trial court initially granted the defendants' motion, ruling that Georgia's impact rule bars bystanders from recovering damages for emotional distress resulting from witnessing another person's injuries, but later the trial court granted a motion for reconsideration, finding that McDade could pursue a claim for emotional distress under the pecuniary loss rule. This Court granted the defendants' application for interlocutory review, and this appeal followed.

3

1. It is undisputed that this case involves a collision resulting in physical injury to the plaintiff. Despite the defendants' characterization of McDade's claims as including emotional distress solely resulting from viewing his dead friend, McDade's complaint simply asserts a straightforward negligence claim and alleges that "all of his injuries, damages and suffering were the direct result of and proximately caused by the negligence of the Defendants." The complaint does not seek to separately recover for the emotional distress McDade experienced from witnessing his friend's suffering and death, nor does it parse out certain portions of damages that specifically arise therefrom. Further, McDade's deposition testimony does not establish that a discrete portion of his emotional distress was due to the traumatic experience of viewing his friend's remains. Rather, when asked whether his emotional problems were a result of "what you saw that night or . . . your own injuries," McDade replied, "I guess you'd say both." When pressed for clarification, McDade explained, "I don't know how to answer that. . . . It was being hurt, and then – being hurt, not being at work. I stopped getting paid in February. I haven't had income since. . . ." Thus, neither the complaint nor McDade's deposition testimony sets out any facts showing that a portion of his emotional distress arises solely from witnessing the injuries to his friend or could be apportioned to his nonphysical injuries as opposed to his

4

physical injuries. At the very least there is a question of fact on this issue, therefore partial summary judgment is not appropriate at this time.

2. Nevertheless, to the extent that making such a distinction is possible based on the evidence in the case, McDade can recover emotional distress damages under the pecuniary loss rule. As correctly stated in *Nationwide Mut. Fire Ins. Co. v. Lam.*,[4] "a plaintiff may . . . recover damages for emotional distress flowing from a defendant's negligence, notwithstanding the absence of *physical* injury. But these damages are recoverable only if the plaintiff has suffered a pecuniary loss and has suffered an injury to the person, albeit not physical."[5] The requirement of an identifiable injury imports an objective benchmark that a plaintiff must meet before recovering emotional distress damages. This objective benchmark safeguards against

---

[4] 248 Ga. App. 134 (546 SE2d 283) (2001).

[5] (Emphasis supplied.) Id. at 138 (2). While the result in *Lam* is correct, the dissent appropriately argues that a recovery for emotional distress cannot be based solely on an injury to property. Therefore, to the extent that language in *Lam* suggests otherwise, such language should be disapproved. See id. 138 (2) (noting the damage to Lam's personal property as support for her pecuniary loss – in addition to her hospital and other treatment expenses arising from her psychological injury).

the dissent's concerns that subjective emotional distress damages may be invented out of whole cloth.[6]

Here, we have evidence of identifiable nonphysical injuries (including an episode of depression) as well as pecuniary loss (the cost of medical treatment arising from the depression). Therefore, the trial court correctly determined that McDade can seek emotional distress damages under the pecuniary loss rule.[7]

*Judgment affirmed. Ray, J., concurs. Phipps, C.J., Barnes, P.J., Miller and McFadden, JJ., concur fully and specially. Boggs, J., concurs specially and in the*

---

[6] In light of the presence of an identifiable psychological injury to McDade, the present case is distinct from *Owens v. Gateway Mgmt. Co.*, 227 Ga. App. 815 (490 SE2d 501) (1997). In that case, the plaintiff experienced fear due to being held at gunpoint, and the Court held that this fear alone was, in essence, emotional distress – not a separate psychological injury. In such a situation, the Court correctly held that, absent some physical or nonphysical injury to the plaintiff's person, she could not recover emotional distress damages. But for similar reasons, the dissent is correct that *Hall County Memorial Park, Inc. v. Baker*, 145 Ga. App. 296 (243 SE2d 689) (1978), was wrongly decided. In that case, the plaintiff suffered no separate injury other than the grief caused by the improper burial location of her deceased husband. In essence, her only alleged injury was her emotional distress, which is an element of damages but not a separate injury for purposes of the pecuniary loss rule. Accordingly, to the extent that *Baker* holds otherwise, it should be overruled.

[7] Cf. *Travis Pruitt & Assocs., P.C. v. Hooper*, 277 Ga. App. 1, 5 (2) (625 SE2d 445) (2005) ("A claim for emotional distress damages caused by negligence must be supported by evidence that the plaintiff suffered an impact resulting in physical injury or pecuniary loss resulting from an injury to the person.").

6

*judgment. Dillard, Branch, McMillian, JJ., concur in Division 1 and in the judgment.*

*Andrews, P.J., dissents.*

A14A0147. OLIVER et al. v. MCDADE et al.

MCFADDEN, Judge, concurring fully and specially.

I agree with most of what the majority has written. I disagree only with the language at Division 2, notes 5 and 6, which undertakes to disapprove prior case law. That undertaking is not necessary to our decision, and that language is therefore dicta. The ruling on appeal is the trial court's determination that McDade may pursue a claim for emotional distress under the pecuniary loss rule. That ruling was correct and should be affirmed.

Damages for negligent infliction of emotional distress are usually not recoverable. But the impact rule and the pecuniary loss rule authorize recovery for

such damages. "A claim for emotional distress damages caused by negligence must be supported by evidence that the plaintiff suffered an impact resulting in physical injury or pecuniary loss resulting from an injury to the person." *Travis Pruitt & Assocs., P.C. v. Hooper*, 277 Ga. App. 1, 5 (625 SE2d 445) (2005).

The impact rule, generally speaking, authorizes recovery for emotional distress in negligence actions where the emotional distress is caused by a physical injury. "The current Georgia impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress." *Bruscato v. O'Brien*, 307 Ga. App. 452, 456-457 (1) (705 SE2d 275) (2010) (citations and punctuation omitted).

The pecuniary loss rule allows recovery for emotional distress in a negligence action even though there may be an injury to the person that is not physical.

> In cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, *or a pecuniary loss resulting from an injury to the person which is not physical.* . . .We reiterate the rule that for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical. An injury to the reputation would be such an injury.

2

*OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 666-667 (2) (B) (386 SE2d 146) (1989), disapproved in part on other grounds, *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 588 (III) n. 8 (533 SE2d 82) (2000) (citation omitted, punctuation in original).

In *Nationwide Mut. Fire Ins. Co. v. Lam*, 248 Ga. App. 134 (546 SE2d 283) (2001), we applied the pecuniary loss rule to allow emotional distress damages in an automobile collision case where there was no physical injury. In that case, although the plaintiff Lam was not physically injured, after the wreck she had anxiety from having witnessed the oncoming vehicle, and there was evidence that the collision aggravated her pre-existing mental illness. Id. at 135. While Lam could not recover under the impact rule since there was no physical injury, we held that she could recover under the pecuniary loss rule. Id. at 136 (1), 138 (2). As this court explained, the non-physical injury requirement under the pecuniary loss rule is not limited to the example of damage to reputation as set forth in the *Littleton* case. Rather, such a non-physical injury would also include a mental injury since "[a] mental injury, or aggravation of a pre-existing mental illness, is clearly an injury to the person." Id. at 138 (2). So despite the absence of a physical injury, Lam "did suffer an injury to her person, consisting of aggravation of her pre-existing mental illness, which before the

3

collision had been stable for years." Id. Thus, we concluded that she could pursue her claim for emotional distress damages based on her mental injury and pecuniary loss, and that the "trial court correctly denied [the defense] motion for summary judgment." Id. Compare *Owens v. Gateway Mgmt. Co.*, 227 Ga. App. 815, 816 (490 SE2d 501) (1997) (finding pecuniary loss rule inapplicable for lost time from work and medical bills following incident giving rise to claim of negligent failure to maintain security at apartment complex).

Likewise, in the instant case, in addition to the damage to his vehicle and his own physical injuries, there is evidence that after the collision McDade has suffered mental injuries, including major depression, and that he is under psychiatric care for such injuries. Accordingly, he may pursue his claim for emotional distress damages arising from his mental injuries. See *Lam*, supra at 138 (2) (plaintiff suffering non-physical injury to the person may recover damages for emotional distress flowing from defendant's negligence). The trial court therefore did not err in denying partial summary judgment based on the pecuniary loss rule. See generally *Lee*, supra at 588 (III) (reversing summary judgment to defendants by holding that parent could seek to recover for emotional distress from witnessing death of child from automobile

4

collision "without regard to whether the emotional trauma arises out of the physical injury to the parent").

Contrary to the dissent's claims, affirming the trial court's ruling does not "eviscerate[] the impact rule, permit[] litigants to routinely obtain damages for emotional distress without physical injury, [or] impermissibly suppl[y] a remedy where none existed before." Rather, such an affirmance simply applies controlling authority from both this court and the Georgia Supreme Court, allowing for emotional distress damages under the well-established pecuniary loss rule in limited circumstances like those found in this case.

As recounted above, our Supreme Court has established that under the pecuniary loss rule, a claim for emotional distress damages will lie where the loss occurred as a result of "an injury to the person even though this injury may not be physical." *OB-GYN Assoc.*, supra at 667 (2) (citation omitted). *Lam*, supra, correctly applied this rule to allow for emotional distress damages where the non-physical injury to the person was a mental illness. In all material respects, *Lam* is factually identical to, and mandates the holding in, the instant case. Indeed, the dissent, by resorting to the argument that we should overrule *Lam*, which the Supreme Court

5

previously declined to review on certiorari, implicitly recognizes that *Lam* is directly on point and constitutes controlling authority.

Likewise, in the factually similar case of *Lee*, the Supreme Court held that when

> a parent and child sustain a direct physical impact and physical injuries through the negligence of another, and the child dies as the result of such negligence, the parent may attempt to recover for serious emotional distress from witnessing the child's suffering and death without regard to whether the emotional trauma arises out of the physical injury to the parent. This is in accord with the precepts of the impact approach and appropriately restricts recovery to those directly affected by the defendant's negligent act or omission.

*Lee*, supra at 588 (III).

In reaching this decision, the Supreme Court recounted the history and policy behind the impact rule, and concluded that despite the traditional impact rule, there is no meritorious reason to refuse to extend recovery for emotional distress in an appropriate and compelling situation such as the one in that case. Id. While *Lee* did not discuss the pecuniary loss rule and involved a parent and child, rather than close friends, it is otherwise similar to this case and its holding is instructive. There is evidence in this case showing that both McDade and Wood sustained a direct physical impact and physical injuries through the negligence of another, and that

Wood died as a result of such negligence. Thus, as in *Lee*, and contrary to the claims of the dissent, this is the sort of compelling situation in which allowing McDade to recover for serious emotional distress from witnessing his close friend's suffering and death without regard to whether the emotional trauma arises out of a physical injury is appropriate since it restricts recovery to one who was directly affected by the negligent act or omission. Accordingly, because there exist genuine issues of material fact as to whether McDade is entitled to emotional distress damages under the pecuniary loss rule, the trial court correctly denied the defense motion for partial summary judgment.

A14A0147. OLIVER et al. MCDADE et al.                    BO-008

BOGGS, Judge, concurring specially and in judgment only.

The trial court in this case correctly denied the defendants' motion for summary judgment, but I do not agree with all that is said in the majority's opinion and Judge McFadden's special concurrence. I therefore concur specially and in judgment only.

I agree with the majority's conclusion that "neither the complaint nor McDade's deposition testimony set out any facts showing that a portion of his emotional distress arises solely from witnessing the injuries to his friend or could be apportioned to his nonphysical injuries as opposed to his physical injuries." In my view, the indivisibility of McDade's emotional injury resulting from a single physical

impact in which he was also physically injured places this case within the scope of recovery allowed by the impact rule. See *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 588 (III) (533 SE2d 82) (2000).

I also agree with the analysis in Judge Andrews' dissent regarding the pecuniary loss rule and its inapplicability to the facts presently before us.

A14A0147.  OLIVER et al. v. McDADE et al.

ANDREWS, Presiding Judge, dissenting.

For over one hundred years, through the application of the "impact rule," Georgia's courts have rejected steadfastly attempts to award damages for the negligent infliction of emotional distress unaccompanied by physical injury. See *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 666 (2) (B) (386 SE2d 146) (1989) ("*Littleton II*"); *Chapman v. Western Union Telegraph Co.*, 88 Ga. 763 (15 SE 901) (1892); *Owens v. Gateway Management Co.*, 227 Ga. App. 815, 816 (490 SE2d 501) (1997). Today's decision, under the guise of the "pecuniary loss" rule as applied in *Nationwide Mut. Fire Ins. Co. v. Lam*, 248 Ga. App. 134 (546 SE2d 283) (2001),

eviscerates the impact rule, permits litigants to routinely obtain damages for emotional distress without physical injury, and, by doing so, impermissibly supplies a remedy where none existed before. Because I conclude that *Lam* was wrongly decided and should be overruled, and because I believe that we should therefore reverse the trial court's order denying the defendants' motion for partial summary judgment based upon the pecuniary loss rule, I respectfully dissent.[1]

1. At the core of today's decision is the majority's and Judge McFadden's special concurrence's reliance upon, and unprecedented and unauthorized expansion of, the pecuniary loss rule. The rule, articulated in *Kuhr Bros. v. Spahos*, 89 Ga. App. 885, 890 (81 SE2d 491) (1954), provides that

> In cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, *or a pecuniary loss resulting from an injury to the person which is not physical;* such an injury to a person's reputation, or the mental pain and suffering must cause a physical injury to the person.

(Emphasis in original.) See also *Littleton II*, supra, 259 Ga. at 667 (2) (B); *Phillips v. Marquis at Mt. Zion-Morrow, LLC*, 305 Ga. App. 74, 77 (699 SE2d 58) (2010);

---

[1] Furthermore, I agree with the parties' observation that the plaintiff cannot recover, pursuant to the impact rule, damages for any emotional distress resulting from his witnessing the death of his friend and its aftermath. See, e.g., *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583 (533 SE2d 82) (2000); *Littleton II*, supra, 259 Ga. at 666-667.

*Owens*, supra, 227 Ga. App. at 815. Stated differently, "for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of *a tort involving an injury to the person* even though this injury may not be physical." *Littleton II*, supra, 259 Ga. at 667 (2) (B). (Emphasis added). A key limitation on the pecuniary loss rule is that where there is an injury to property alone, "there can be no recovery for mental suffering." Id. See also *Kuhr Bros.*, supra, 89 Ga. App. at 890.[2]

This case is controlled by our decision in *Owens*, 227 Ga. App. at 815. In *Owens*, two armed gunmen forced their way into the plaintiff's apartment and held

---

[2] In this regard, *Barrow v. Ga. Lightweight Aggregate Co.*, 103 Ga. App. 704, 709 (120 SE2d 636) (1961) is not applicable. In *Barrow*, this Court permitted a landowner to seek damages for emotional distress resulting from blasting operations on a neighboring property. Id. The landowner claimed to suffer damage to his residence and "great and grievous discomfort, annoyance, and anxiety." Id. at 708. This Court concluded that the blasting operations constituted a trespass, although there is no mention of pecuniary loss. Id. In the more than 50 years since it was decided, *Barrow* has been cited for this proposition by Georgia courts twice. See *Littleton II*, supra, 259 Ga. at 666 (2) (B); *Lam*, supra, 248 Ga. App. at 137. *Littleton II* overruled *Barrow* to the extent that it "may stand for the proposition that a plaintiff who has suffered a trespass may recover for emotional distress," but agreed that it could support damages for "mental injury flowing from a trespass." *Littleton II*, supra, 259 Ga. at 667 (2) (B). In essence, then, this Court held that one cannot recover damages for emotional distress by virtue of the trespass itself; it must be accompanied by injury to the person. In fact, *Littleton II* reiterated this idea, holding that a "pecuniary loss must occur as a result of a tort involving an injury to the person." *Littleton II*, supra, 259 Ga. at 667 (2) (B). See also *Owens*, supra, 227 Ga. App. at 816.

3

her captive for 15 minutes. 227 Ga. App. at 815. The plaintiff sued the landlord for negligently failing to maintain adequate security and claimed emotional distress. Id. at 816. The trial court granted the defendants' motion for summary judgment, and the plaintiff appealed. We held that the pecuniary loss rule did not apply because "the only pecuniary loss . . . is that incurred due to medical bills and lost time from work [the plaintiff] allegedly incurred because of emotional distress following the incident." Id. at 816. As a result, we found that the pecuniary loss the plaintiff claimed "is not of the same type as that referred to in [*Littleton II*] because *it is itself a form of emotional distress damage* as opposed to pecuniary loss" resulting from a tort "involving an injury to the person." Id. at 816. (Emphasis added). *Owens* concluded that "[t]o hold otherwise would be to allow bootstrapping of an extreme nature." Id.

In this case, the same principles apply. As in *Owens*, the plaintiff's claim for emotional distress, related to events following the collision, "is not of the same type as that referred to in [*Littleton II*] because it is itself a form of emotional distress damage as opposed to pecuniary loss" resulting from a tort "involving an injury to the person." *Owens*, supra, 227 Ga. App. at 816. In other words, the plaintiff cannot show the non-physical injury that he suffered as a result of the defendants' negligence is

4

anything other than the same emotional distress for which he seeks to recover. It follows that the plaintiff may seek damages for his emotional distress, if any, arising from the personal injuries he sustained.[3] Absent any separate tort involving an injury to his person, however, he may not seek damages for emotional distress from witnessing the death of his friend and its aftermath. *Owens* rejected the circular reasoning adopted in *Lam* and endorsed by the majority and Judge McFadden's special concurrence, holding that it would "allow bootstrapping of an extreme nature." *Owens*, supra, 227 Ga. App. at 816.

2. In permitting a plaintiff to seek damages for negligently caused emotional distress in the absence of physical injury, *Lam* failed to address the prior holding in *Owens*.[4] Lam and her husband were involved in an automobile accident in which her vehicle was damaged. *Lam*, supra, 248 Ga. App. at 135. Although Lam's husband was injured, Lam did not sustain any physical injury; however, she alleged that the accident aggravated a preexisting mental illness, the treatment for which resulted in medical expenses. Id. After citing *Lee* and the impact rule, this Court focused upon

---

[3] See *OB-GYN Assoc. of Albany v. Littleton*, 261 Ga. 664 (410 SE2d 121) (1991) ("*Littleton IV*").

[4] Importantly, *Owens* is binding precedent under our rules. See Rule 33 (a).

the pecuniary loss rule from *Littleton II* (see infra, p. 3), incorrectly stating that *Littleton II held* that "a plaintiff *may* recover damages for emotional distress based upon an injury to property that results in pecuniary loss if injury to the person is also present." Id. at 136-137. (Emphasis in original). In fact, *Littleton II* contains no such holding.[5] The court in *Lam* conceded that Lam did not sustain a physical injury; therefore, to support its conclusion that Lam could recover damages for emotional distress under the pecuniary loss rule, the court improperly cited *Littleton II,* engrafted an apparent "personal property" exception onto the rule, and then relied upon the damage to Lam's automobile, characterizing it as a trespass, to sidestep the lack of a personal injury.

(a) As a result, *Lam* was wrongly decided for three reasons: (1) *Lam* improperly cited the holding of *Littleton II* as noted above and shifted its focus to whether property damage was sustained; (2) it abandoned the traditional notion of what is encompassed by the phrase "pecuniary loss resulting from an injury to the person which is not physical; such an injury to a person's reputation;" *Littleton II,*

---

[5] Correctly stated, *Littleton II* held that "for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the *person* even though this injury may not be physical." 259 Ga. at 667 (2) (B). (Emphasis added).

6

*supra*, 259 Ga. at 666 (2) (B) ("An injury to the reputation would be such an injury."); *Phillips*, supra, 305 Ga. App. at 77; *Owens*, supra, 227 Ga. App. at 815; and (3) it wrongly applied the pecuniary loss rule. The first of these has already been discussed.

(b) Second, although the primary example of an injury to the person that is not physical has been damage to reputation, this is not an exhaustive listing. Additional possibilities are suggested in *Hubbard v. Ruff*, 97 Ga. App. 251, 253 (103 SE2d 134) (1958) and *Hutcherson v. Durden*, 113 Ga. 987, 989-990 (39 SE 495) (1901). In *Hubbard*, this Court construed "personal tort" as used in the interspousal immunity statute as "one involving or consisting in an injury to the person or to the reputation or feelings, as distinguished from an injury or damage to real or personal property." 97 Ga. App. at 253. Similarly, *Hutcherson* determined that "injuries done to the person" included "all actionable injuries to the individual himself" and cited physical and bodily injury, injury to the reputation, false imprisonment, malicious arrest, and injury to one's health, in contrast to injury done to the person's property. 113 Ga. at 990. Yet *Lam* focused upon damage to Lam's vehicle as a means for recovery for emotional distress in the absence of physical injury. Accordingly, in view of *Littleton II*'s requirement that a "pecuniary loss must occur as a result of *a tort involving an injury to the person* even though this injury may not be physical" (i.e., reputation,

7

false imprisonment, etc.) and the companion principle that emotional distress damages may not be awarded for loss to property alone, *Lam* incorrectly based its decision on the damage to Lam's vehicle.

The impact of *Lam*'s fixation on property damage is highlighted in its progeny. See *Grizzle v. Norsworthy*, 292 Ga. App. 303, 306 (664 SE2d 296) (2008); *Shores v. Modern Transp. Svcs.,* 262 Ga. App. 293, 295 (1) (585 SE2d 664) (2003). Both *Grizzle* and *Shores* involved actions for emotional distress by train engineers following collisions with vehicles. In *Grizzle*, the court cited the pecuniary loss rule mentioned in *Lam* ("based upon an injury to property," as opposed to "person" in *Littleton II*) and concluded that, because the plaintiff had no personal interest in the train or any other property, he could not recover lost income and medical expenses under the pecuniary loss rule. 292 Ga. App. at 306 (2). Likewise, in *Shores*, in addition to finding no physical injury, the court noted that the plaintiff "failed to show an 'injury to property' resulting in pecuniary loss." 262 Ga. App. at 295 (1). As this Court noted in *Jordan,* "[a]lthough pecuniary loss may also serve as the basis to recover for emotional distress, the loss must result from an injury to the person, not to property." 230 Ga. App. at 735. See also *Littleton II*, supra, 259 Ga. at 667 (2) (B). What is relevant is whether the plaintiff suffered a pecuniary loss resulting from "a

8

tort involving an injury to the person," either physical or of the sort contemplated by *Littleton II*. See *Harris v. Wall Tire Co.*, 197 Ga. App. 818 (399 SE2d 580) (1990) (recovery under pecuniary loss rule not permitted where plaintiff suffered property damage and alleged emotional distress, but no personal injury).

(c) Third, *Lam* wrongly applied the pecuniary loss rule by finding that the medical bills and lost wages incurred by Lam supplied the pecuniary loss for her claim. See *Owens*, supra, 227 Ga. App. at 816. Just as in *Owens*, "the only pecuniary loss [in *Lam*] is that incurred due to medical bills and lost time from work [Lam] allegedly incurred because of emotional distress following the incident" and was not the result of a separate tort involving an injury to Lam. 227 Ga. App. at 816. On this point, *Owens* is indistinguishable. However, the *Lam* court essentially bootstrapped Lam's damages for emotional distress onto her claim for property damage to provide a recovery in the absence of a separate "tort involving an injury to the person." For the reasons stated above, this conclusion was erroneous and should be overruled.[6] To the extent *Hall County Memorial Park v. Baker*, 145 Ga. App. 296 (243 SE2d 689)

---

[6] Judge McFadden's special concurrence's argument that *Lam* should be followed as controlling authority because "the Supreme Court previously declined to review [it] on certiorari" is unsupportable. See *Ezor v. Thompson*, 241 Ga. App. 275, 277 (1) (526 SE2d 609) (1999) ("The denial of a writ of certiorari shall not be taken as an adjudication that the decision or judgment of the Court of Appeals is correct.").

9

(1978) relies upon similar logic to award damages for emotional distress in the absence of personal injury, it too should be overruled.

3. Finally, this Court does not have the authority, were it so inclined, to expand the remedies available to plaintiffs under our law. See *Shores*, supra, 262 Ga. App. at 296 (2) (declining to relax the impact rule); *McCunney v. Clary*, 259 Ga. App. 260, 261-263 (2) (576 SE2d 635) (2003). Only the Supreme Court of Georgia or the General Assembly may do that. See *Lee*, 272 Ga. at 588; *Shores*, supra, 262 Ga. App. at 296 (2); *McCunney*, supra, 259 Ga. App. at 261-263 (2). In fact, the Supreme Court has recognized a single exception to the impact rule. See *Lee*, supra, 272 Ga. at 587. Presented with the opportunity to reject the impact rule, our Supreme Court specifically reaffirmed it, finding that

> the benefits of an impact rule are plain in that it provides a brighter line of liability and a clear relationship between the plaintiff's being a victim of the breach of duty and compensability to the plaintiff.

*Lee*, supra, 272 Ga. at 587 (II). Indeed, the court could not have been more clear when it stated that "we decline to adopt any rule which might, in effect, create a separate tort allowing recovery of damages for the negligent infliction of emotional distress." Id. at 588 (III). No decision since has further expanded this exception, and it therefore

10

appears the parent/child exception, applicable only when both are injured in the same accident and the child dies from her injuries, remains the lone exception to the impact rule in Georgia. See *Shores*, supra, 262 Ga. App. at 296 (2) (declining to relax the impact rule); *McCunney*, supra, 259 Ga. App. at 261-263 (2).

Accordingly, under Georgia law, an injured parent can recover for emotional distress from witnessing the injury and death of her child involved in the same event. See *Lee*, 272 Ga. at 588. Conversely, a parent *cannot* recover for emotional distress from the death of a child during delivery. See *Littleton IV*, supra, 261 Ga. at 664. Nor can a parent recover for emotional distress from witnessing the non-fatal injury of his spouse and his children involved in the same event. See *McCunney*, supra, 259 Ga. App. at 261-263 (2). Similarly, a relative *cannot* recover for emotional distress from witnessing the non-fatal injury of a relative involved in the same event. See *Bennett*, supra, 312 Ga. App. at 458 (3). It is clear that the plaintiff's claim is not included within the narrow *Lee* exception, and we are not authorized to create such a remedy, as was done in *Lam*. See *Lee*, 272 Ga. at 588; *Shores*, supra, 262 Ga. App. at 296 (2); *McCunney*, supra, 259 Ga. App. at 261-263 (2).

In closing, the ruling issued by the majority represents a drastic expansion of the pecuniary loss rule above and beyond any prior limitation by the courts of this

11

state - so much so, in fact, that the impact of the decision is to render meaningless the impact rule. Indeed, of what use is the impact rule if it can be routinely circumvented under the majority's enlargement of the pecuniary loss rule? As our Supreme Court noted in *Lee*, "it would be imprudent to abandon over a hundred years of Georgia precedent" to sacrifice the impact rule. 272 Ga. at 588. Yet that is precisely what has been accomplished today.

In view of the foregoing, I do not find that the plaintiff is entitled to recover for emotional distress from witnessing the death of his friend and its aftermath under any existing theory of Georgia law, specifically including the pecuniary loss rule. I further believe that we should overrule *Lam* inasmuch as it is in conflict with *Owens*, a controlling precedent of this Court, and is inconsistent with *Littleton II*, *Lee*, and our long-standing adherence to the impact rule. We should not further melt down the law in this area.[7] As a result, the judgment of the trial court should be reversed and remanded with direction to enter partial summary judgment in favor of the defendants on the issue of recovery under the pecuniary loss rule.

---

[7] See *Southern Star Lightning Rod Co. v. Duvall*, 64 Ga. 263, 269 (1879) (Bleckley, J.).